Zheng "Andy" Liu (SBN 279327)
Jingyi Guo (SBN 335448)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Facsimile: 510.987.8411
Email: Andy.liu@aptumlaw.us
*Attorneys for Plaintiffs Palm Street Capital LLC, Hailing Yu, and Jing Liao*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO<br><br>Plaintiff,<br><br>v.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No: 5:22-cv-01932-NC<br><br>**PLAINTIFFS' REPLY TO DEFENDANT XIE'S OPPOSITION TO MOTIO FOR DEFAULT JUDGEMENT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINIARY STATEMENT

A party to more than a half dozen pending lawsuits in the Bay Area alone, Defendant Xie does nothing but delaying. In the *five* cases in which he is a defendant, Defendant Xie always (i) appeared shortly after a default was taken or requested against him and (ii) claimed last-minute predicament to avoid impending deposition or trial.

Notably, the same Counsel represents Defendant Xie in all these defense-by-delay cases, including this one. A cursory review of the Counsel's filings in the Northern District reveals that the Counsel replicated his *defense-by-delay and by-ambush* tactic a number of times. The Counsel always claimed that he did not represent a client after being provided with Summons and Complaint, but immediately appeared on behalf of that client after a default was taken or requested. The Counsel always filed an ex parte application coupled with a sanction request, seeking attorney's fees and the like against his opponent. When his ambush attempt was thwarted and last-minute request for relief denied, the Counsel would request to withdraw shortly before trial, again attempting to halt the proceeding. When his requests to withdraw were denied, the Counsel promptly settled.

Here, Defendant Xie and Counsel continue this pattern.

Defendant Xie's assertion that he did not know about this lawsuit until two weeks ago is false. Written records verify that (i) Plaintiffs electronically provided Defendant Xie a copy the Summons and Complaint right after they filed this case, and that (ii) Plaintiffs' counsel similarly provided Defendant Xie's Counsel a copy of the Summons and Complaint a week later on April 8, 2022. More a month later, on May 11, 2022, Defendant Xie's Counsel responded as follows:

"This is Tyson Lin, a paralegal of Mr. Jew. **Mr. Jew currently doesn't represent Mr. Xie in this particular case**."

Most tellingly, Mr. Tyson Lin's May 11, 2022 email includes an excerpt of his communication with Defendant Xie's current counsel, Mr. Leon Jew. This except shows that, on May 3, 2022, Mr. Jew asked Mr. Lin to "Please calendar and monitor this == one of the XIE case [sic]."

> From: LEON JEW <leon.jew@dahyee.com>
> Sent: Tuesday, May 3, 2022 10:05 AM
> To: Tyson Lin <tyson.lin@dahyee.com>
> Subject: Fw: Palm Street Capital v. Xie - Service Acceptance
>
> Please calendar and monitor this == one of the XIE case.
>
> From: Andy Liu <andy@quan.legal>
> Sent: Friday, April 8, 2022 10:19 PM
> To: Jillian Guo <jyiguo.1207@gmail.com>; Alice Chao <alice.chao@dahyee.com>
> Cc: LEON JEW <leon.jew@dahyee.com>
> Subject: Re: Palm Street Capital v. Xie - Service Acceptance
>
> Summons and complaint attached for your ease of reference.
>
> Thank you.
>
> Andy Liu
> Attorney
> Aptum Law | 650-475-6289 | Andy.Liu@AptumLaw.us
>
> On Fri, Apr 8, 2022 at 7:35 PM Jillian Guo <jyiguo.1207@gmail.com> wrote:
>> Dear Counsel,
>>
>> Our client has filed a case against Mr. Xie. Please let us know if you will accept service for Mr. Xie.
>>
>> Thank you,
>> Jingyi Guo

An email thread showing that on May 3, 2022, Defendant Xie's current counsel asked his paralegal to "Please calendar and monitor this == one of the XIE case [sic]."

Thus, dangerously close to perjury and might have already crossed the line is Mr. Jew's current declarant that he did know Defendant "Xie was a party to the current action on or around September 10, 2022, through Google search." (ECF 21-2; Declaration of Leon Jew, ¶ 8.)

It is beyond dispute that Defendant Xie and his counsel knew about this case since April 8, 2022. They strategized for a month and decided that not filing a responsive pleading would serve their best interest. Only when faced with an impending default judgement, they magically appeared and falsely claimed that they did now know about this lawsuit.

Defendant Xie's second excuse that Plaintiffs somehow defrauded this Court by claiming that Defendant Xie does not own his Saratoga home is also meritless. Defendant Xie owns and continues to own his 18255 Clemson Ave. Saratoga CA home, which is also Defendant Xie's *only* home in the United States. Whether Defendant Xie allows a tenant in his home or not changes nothing.

Defendant Xie's abusive delay and dishonesty must have consequences, or he will be embodied to reoffend. If Defendant Xie's default were to be vacated, the Court should condition that potential vacatur reimbursing Plaintiffs' attorney's fee and cost for pursing this default judgment motion. Imposing conditions on vacating a default has been affirmed by the Ninth Circuit as appropriate and necessary to "protect[] the non-defaulting party" against abusive dilatory litigation tactics. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec* (9th Cir. 1988) 854 F.2d 1538.

## II.  STATEMENT OF FACTS

   **a.  Defendant Xie expertly delayed his half-dozen lawsuits**

A review of court records in the Bay Area counties show that Defendant Xie is a party to at least ***seven lawsuits***, most of which alleged that Defensive Xie breached written

contracts. Case numbers 20CV366847 and 20CV366358 currently pending before the Santa Clara County Superior Court are classic demonstrations of Defendant Xie's litigation by delay tactics. (Declaration of Zheng Liu "Liu Decl." ¶ 3.)

First, in Case No.: 20CV366847, on August 31, 2020, a default was taken against Defendant Xie. Less than a month later, Defendant Xie appeared though the same Counsel who represents him in this case.  Recently, Defendant Xie initially agreed to a September 19, 2022 trial, but requested, *ex parte*, a continuance **merely four days** before the September 19, 2022 trial, claiming he was sick and recommended hospitalization. The Court fixed a December 19, 2022 trial date and asked Defendant Xie to be present for trial. Defendant Xie is expected to file another *ex parte* motion to continue trial with some excuses in December 2022. (Liu Decl. ¶ 4.)

Second, in Case No.: 20CV366358, on February 9, 2021, Defendant Xie appeared through the same Counsel who represents him here, after a right to attach order and a temporary protective order were issued against him.  Defendant Xie initially agreed to a March 2, 2022 settlement conference, but requested, *ex parte*, a continuance merely sixed days before the March 2, 2022 settlement conference, claiming he was unable to provide testimony under California law while he is in China (even though no testimony is required at a settlement conference). The Court fixed an October 17, 2022 trial date and asked Defendant Xie to be present for trial. Defendant Xie is expected to file another *ex parte* motion to continue trial with some excuses in October 2022. (Liu Decl. ¶ 5.)

Third, in Case No.: 20CIV04191, Defendant Xie refused to accept service and a request for default is pending against him. Defendant Xie is expected to appear through the same Counsel who represents him here, at the last minute or after default is entered, claiming that they were unaware of the service. (Liu Decl. ¶ 6.)

| No. | Case Number | Filing Date | Causes of Action | Status of the case |
|---|---|---|---|---|
| 1 | 20CV366847 (Santa Clara) | 05/28/2020 | Defendant Xie was sued for **breach of investment agreement and fraud.** | On August 31, 2020, **default** was taken against Xie. Xie vacated the default and filed an answer on March 3, 2021. Xie requested a continuance of the trial merely **four days before the trial date**, claiming he was sick and recommended hospitalization. The Court fixed a December 2022 trial date and asked Xie to be present for trial. |
| 2 | 20CV366358 (Santa Clara) | 4/29/2020 | Defendant Xie was sued for **breach of real estate investment contract.** | Xie appeared on February 9, 2021, after a right of attach order and a temporary protective order were entered against him. Xie requested a continuance merely **sixed days before the settlement conference**, stating was unable to be sworn under California law while he is in China territory. |
| 3 | 20CV364355 (Santa Clara) | 2/21/2020 | Xie alleged his part-time office manager converted company assets and defrauded him. | Defendant has filed a cross-complaint against Xie. |
| 4 | 20CV372586 (Santa Clara) | 10/21/2020 | Xie alleged his realtor defrauded him in a real estate transaction. | The case was consolidated and is still pending. |
| 5 | 20-civ-04191 (San Mateo) | 09/28/2020 | Xie was sued for **breach of contract.** | Plaintiff has requested entry of default against Xie. Xie has not appeared in this case. |
| 6 | 19-civ-01548 (San Mateo) | 03/18/2019 | Xie sued his business partners. | Xie lost the suit and was required to costs. Xie never paid the costs as ordered and his bank accounts were garnished. |

| 7 | 20-civ-04191 (San Mateo) | 09/28/2020 | Defendant Xie was sued for **breach of contract.** | Plaintiff has requested entry of default against Xie. Xie has not appeared in this case. |

In sum, as shown above, Defendant Xie—assisted by the same Counsel who represents him here—has consistently employed the same dilatory tactics in more than a half dozen local cases. Defendant Xie and his Counsel's assertion here (which is identical to those they made in other cases) that they were unaware of this lawsuit lack any veracity. (Liu Decl. ¶ 7.)

    **b.  Defendant Xie's Counsel extensively employed delay tactics in his representations of numerous case in this District**

A similar review of court records in this District shows that the Counsel for Defendant Xie employed similar dilatory tactics in numerous cases for numerous clients of his. The most classic example is the *BuildSimHub Inc. v. Beijing Jianyi Investment Development (Group) Co. Ltd. et al.* case before Hon. Edward J. Davila. (Liu Decl. ¶ 8.)

| **Case Number and Case Name** | **Counsel's Delaying Tactics** |
|---|---|
| 5:20-cv-03579<br>- Talece Inc. v. Zhang et al | Representing Plaintiff Talece Inc., Counsel pounded no discovery request whatsoever. The Counsel settled for a nominal amount shortly before trial. |
| 5:20-cv-09098<br>- BuildSimHub Inc. v. Beijing Jianyi Investment Development (Group) Co. Ltd. et al | Counsel was provided the Summon and Complaint, but claimed that he did not represent several China defendants in this case, even though all Defendants are related to each other.<br><br>A default was entered against the China defendants on February 3, 2021. Merely one day later, on February 4, Counsel filed a notice of appearance claiming he in fact represented the China defendants who were in default. Counsel asked to set aside fault |

|  | as part of opposing the motion for default judgment. Counsel claimed the service was defective, but waived those grounds by not raising them in a Rule 12 motion. |
|---|---|
|  | Counsel filed an ex parte application to expunge lis pendens and request sanctions against opposing party and counsel. After |
|  | after a notice of lis pendens was filed against defendants, Counsel abruptly declared that he was withdrawing as China defendants' counsel, leaving the case in a halt. |
|  | When the Court practically denied the Counsel's proposed withdrawal, Counsel settled for all Defendants. |

In the *Builsimhub* case, Counsel was provided the Summon and Complaint right after they were filed, but claimed that he did not represent two China defendants (one individual and one China limited company), even though (1) Counsel took the representation of defendants resided in San Jose area (a second individual and various subsidiaries of the China limited company) and (ii) the two individual defendants are common law husband and wife and owners of the corporate defendants. (Liu Decl. ¶ 9.)

Due to Counsel's refusal to respond, the China defendants were defaulted on February 3, 2021. **One day later**, on February 4, 2021, Counsel appeared, asserting he in fact represented the China defendants. Despite his immediate appearance, the Counsel did not move to set aside default after a motion for default judgment was filed. (Liu Decl. ¶ 10.)

Taking the gamesmanship further, on November 1, 2021, Counsel abruptly moved to withdraw as China defendants' counsel, forcing the case to a half. When the Court imposed

conditions on Counsel's proposed withdrawal and threatened default against the China defendants, Counsel continued representing all Defendants. (Liu Decl. ¶ 11.)

In sum, Counsel for Defendant Xie is simply replicating what he has done in other cases: (i) allowing a default to be taken, (ii) asking the Court to set side the default as part of his opposition to a motion for default judgment, (iii) claiming the service was defective without raising them in a Rule 12 motion, (iv) conducting no discovery whatsoever, and (v) moving to withdraw or continue (claiming illness) when the trial date approaches.

is about to be tried. (Liu Decl. ¶ 12.)

### c. Defendant Xie claim that service of process on him was fraudulent obtained has no merit

At the outset, Plaintiffs notify the Court that **a request for dismissal has been filed to dismiss the State Court Case**. (Liu Decl. ¶ 13 and Ex. A.) Plaintiffs will take no further action except to further the request for dismissal in the State Court case. (*Id*.)

Next, Plaintiffs and their counsels sincerely apologize to the Court, the opposing counsel, and Defendant Xie for their *inadvertent* failure to file a notice of related cases. Such a notice should have been filed promptly with this Court, under the Civil Local Rules. (Liu Decl. ¶ 14.)

No fraud, however, was intended; neither did Defendant Xie suffered any prejudice form this inadvertent mistake. (Liu Decl. ¶ 15.)

The procedural history about the State Court Case and this case are as follows:

### a) In the State Court Case

1. On October 19, 2021, Plaintiffs filed a ***verified*** complaint with the Santa Clara Superior Court after Defendant Xie ignored their countless demand for repayment under written contracts.

2. The verified complaint made no allegation about Defendant Xie's residency or citizenship[1], about which Plaintiffs were unsure. Because Defendant Xie repeatedly told Plaintiffs he was prevented form coming back to the United States due to Covid-19 travel restrictions and his temporary work in China and because Defendant Xie still owns his Saratoga home.

3. Plaintiffs effectuated substitute service on Defendant Xie his Saratoga home on November 06, 2021, and when no responsive was filed, filed a request for default on January 06, 2022.

4. Due to staff shortage at the Santa Clara Superior Court, a request for default was taking five to six months to be process.

5. On February 6, 20222, the Current Counsel for Defendant Xie filed a motion to quash service, in which Defendant Xie—for the first time—declared that he has been residing in China and has not intention of returning to California.

6. The relevant motion procedure at the Santa Clara County Superior Court is that a moving party notices a motion without a hearing date, the clerk assigns a hearing date when accepting the motion filing, and the moving party then files an amended motion notice.

7. Defendant Xie never provided the actual hearing date and his motion until September 21, 2022—less than 24 hours before the September 21, 2022 9 am motion hearing—when he contested the Santa Clara County Superior Court tentative ruling that his motion to quash be taken off calendar. (Liu Decl. ¶ 16 and Ex. B.)

---

[1] No residency or citizenship was needed because the Santa Clara Superior Court has general subject matter jurisdiction over dispute that arose in Santa Clara County.

8. On September 22, 2022, concluding that Defendant Xie failed to properly notice his motion, the Santa Clara County Superior Court continued the motion hearing to October 27, 2022.

9. Also on September 22, 2022, Plaintiff requested a dismissal of entire State Court Action. (Liu Decl. ₱ 16 and Ex. A.)

### b) In this NDCA Case

1. Based on Defendant Xie's February 6, 2022 declaration (that he has been residing in China and has no intention of returning to California), Plaintiffs believed that diversity jurisdiction exists: Plaintiffs' are citizens of various states in the United States, and Defendant Xie is a citizen of China.

2. On March 26, 2022, Plaintiffs file a complaint against Defendant Xie for fraudulent transfer based on diversity jurisdiction.

3. On April 29, 2022, after several failed service attempts to serve Defendant Xie in China and his current counsel in Pleasanton, CA, Plaintiffs applied for substitute service on Defendant Xie at his Saratoga, CA home. (ECF 8.)

4. Between March 26, 2022 and April 29, 2022, Plaintiffs specifically asked Defendant Xie's current counsel (Mr. Leon Jew) multiple times that he talk to Defendant Xie regarding whether to accept the service of process.

5. On May 3, 2022, Defendant Xie's current counsel (Mr. Leon Jew) wrote to his paralegal Mr. Lin, asking Mr. Lin to **"Please calendar and monitor this == one of the XIE case [sic]."**

6. On June 17, 2022, Plaintiffs filed the First Amended Complaint, adding all claims in his State Court Case. Plaintiffs inadvertently failed to file a dismal of the State Court Action.

7. On June 11, 2022, the clerk entered default against Defendant Xie on the First Amended Complaint.

8. On August 16, 2022, Plaintiffs filed a motion to default judgment against Defendant Xie and noticed a hearing for September 21, 2022.

9. On September 15, 2022—three business days before the default judgment hearing— Defendant Xie appeared through his current counsel, who has been "monitor[ing] this == one of the XIE case [sic]."

### III.  ARGUMENT

#### a. Default judgment should be granted because Defendant Xie's has been "monitor[ing]" this case since May 3, 2022 and perjured himself when he declared to the Court otherwise

As shown above, February 6, 2022, Defendant Xie declared that (i) he has been residing in China and has no intention of returning to California, and that (ii) he owns and continues to own his Saratoga home.  These two facts suffice amble basis to (A) file this action based on diversity and (B) move for alternative service on Defendant Xie at his Saratoga home.

Despite alleging different kinds of serious fraud against Plaintiffs in his opposition, Defendant Xie fails to articulate any.

First, to the extent that Defendant Xie now argues that the motion for alternative service at his Saratoga home is improper, he had already waived all those arguments and is equitably stopped form raising them here again. After all, he has been "monitor[ing] this == one of the XIE case" but chose not to oppose when he was entitled to.

Second, to the extent that Defendant Xie now argues that Plaintiffs conceded the impropriety of servicing Defendant Xie at his Saratoga home, Defendant Xie is factually

mistaken. Defendant Xie failed to properly notice his motion to quash, and Plaintiffs were never required to respond. The Santa Clara Superior Court agreed with Plaintiffs on this issue in its tentative ruling and continued the motion hearing to October 27, 2022, when Defendant Xie realized that he fumbled his motion.

Third, to the extent that Defendant Xie argues that Plaintiffs "secretly" filed this case, he needs no reminder that he has been "monitor[ing] this == one of the XIE case" since at least May 3, 2022 and thus knew everything that has taken place in this case.

### b. If the Default were to be vacated, Defendant Xie should pay Plaintiffs' attorney's fees and costs in pursuing the default and default judgment

The Ninth Circuit has deemed appropriate and necessary to "protect[] the non-defaulting party" against abusive dilatory litigation tactics—by imposing conditions on vacating a default. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec* (9th Cir. 1988) 854 F.2d 1538.

District Court within the Ninth Circuit have frequently ordered the defaulting party pay the "non-defaulting party" attorney's fees and costs for being forced to pursue a default judgment motion.

In *Ornstein v. Canites*, No. 18-CV-01616-PJH, 2019 WL 359984, at *2 (N.D. Cal. Jan. 29, 2019, the court finds that plaintiffs have incurred unnecessary legal expenses as a result of defendants' conduct. In addition, the court finds that the requested attorneys' fees reasonably compensate plaintiffs for costs incurred obtaining the entries of default and responding to the defendants' first motion—a frivolous motion that all but ignored the test's "meritorious defense" factor—and second motion to set aside those defaults.

In *Kensington Apartment Properties, LLC v. Loanvest IX, L.P.*, No. 19-CV-05749-VC, 2021 WL 5370259, at *1 (N.D. Cal. Nov. 18, 2021), defendants' default was

conditionally granted based on "promptly reimbursing the plaintiff for its fees and costs totaling $26,933."

In *Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, No. 17-CV-295 JLS (BLM), 2019 WL 4266550, at *8 (S.D. Cal. Feb. 26, 2019, the Court conditionally vacated the default "subject to Defendant's PAYMENT of Plaintiff's attorneys' fees and costs incurred in securing the Clerk's entry of default (ECF No. 10), opposing Defendant's Motion to Set Aside (ECF No. 17), and filing and briefing its Motion for Entry of Judgment (ECF Nos. 16, 20)."

This approach has been similar adopted by district court in California. *See In Hart v. Parks*, No. CV00-07428ABC(RNBX), 2001 WL 636444, at *5 (C.D. Cal. May 31, 2001); *Pringle v. Cardall*, No. 218CV02035WBSKJN, 2019 WL 1789690, at *1 (E.D. Cal. Apr. 24, 2019); *Wahoo Int'l, Inc. v. Phix Dr., Inc.*, No. 13CV1395-GPC BLM, 2014 WL 6810663, at *4 (S.D. Cal. Dec. 2, 2014), amended sub nom. Wahoo Int'l, Inc, v. Phix Dr., Inc., No. 13CV1395-GPCBLM, 2015 WL 410347 (S.D. Cal. Jan. 29, 2015); *USAA Life Ins. Co. v. Poolat*, No. CV 07-7512 ODW(FFMX), 2008 WL 11340057, at *3 (C.D. Cal. Apr. 22, 2008); and Gaudio v. Critical Mass Indus. LLC, No. CV198214MWFAGRX, 2021 WL 3578304, at *3 (C.D. Cal. Apr. 27, 2021)

Here, as shown in the attached Exhibits, Plaintiffs incurred **$7888.95** in securing the default and pursuing the default judgment against Defendant Xie. (Liu Decl., ¶ 17.) Defendant Xie should be ordered to reimburse Plaintiffs at least $**7888.95**, because he has been "monitoring" this case and chose not take any action, all to purse his ill-advised, perjurious and dilatory opposition to Plaintiffs' motion for default judgment.

///

///

IV.     CONCLUSION

Replying on perjured declaration and litigation by delay and ambush, Defendant Xie' abusive and dishonest actions must have consequences, or he will be embodied to reoffend.

Default judgment should be entered against Defendant Xie as requested. Alternatively, Defendant Xie should be ordered to reimburse Plaintiffs $7888.95 before his default could be vacated.

Dated:  September 23, 2022                                      Respectfully submitted,

By _____
Zheng "Andy" Liu (SBN 279327)
*Attorney for Plaintiffs Palm Street Capital LLC, Hailing Yu, and Jing Liao*