LEON E. JEW (SBN: 219298)
DAYHEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218

Attorney for Defendant
Caixing Xie

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO; <br><br>         Plaintiffs, <br><br> vs. <br><br> CAIXING XIE, and DOES 1 through 20, inclusive, <br>         Defendants. | Case No: 5:22-cv-01932-NC <br><br> DEFENDANT CAIXING XIE'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMON UNDER FRCP RULE 12(b)(5); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> DATE: December 7, 2022 (Wed.) <br> TIME:  13:00 p.m. <br> ROOM: 5 <br> JUDGE: Hon. Nathanael Cousins |

TO THIS COURT, PLAINTIFFS, AND THEIR COUNSELS OF RECORDS,

PLEASE TAKE NOTE THAT on the time and location above before the

Honorable Nathanael Cousins, in Courtroom 5 located at 5th Floor, 280 South 1st Street,

San Jose, CA 95113, Defendant Caixing Xie will and hereby does move this Court for an

order to QUASH SERVICE OF SUMMON UNDER RULE 12(b)(5)of the Federal Rules

of Civil Procedure, on the grounds of:

1. Plaintiffs deliberately concealed a related case and a motion from this Court, which

   violates local rule 3-13.

2. Plaintiffs provided a false declaration to defraud this Court in issuing a substitute service order, which violates FRCP Rule 11 and Local Rule 7-5 (b).

3. Plaintiffs have abused the dual judicial system, caused inconsistent judicial decisions, and unnecessarily increased litigation costs.

Defendant Caixing Xie's motion is based on this Notice, the Memorandum of Points and Authorities, declaration of Caixing Xie and Leon Jew in support, request for judicial notice, public court record, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Date: October 5, 2022

Respectfully submitted,

/s/Leon E. Jew

_____
Leon E. Jew
Attorney for Defendant
Caixing Xie

///

///

///

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENT**

I.      Introduction…………………………………………………..………….P1

II.     Factual and Procedural Background…………………………………….P1

III.    Argument

        a.  Plaintiffs Deliberately Concealed A Related Case and a Motion……….. P9

        b.  Whether Plaintiffs' Counsel Ms. Kuo Provided a False Declaration to

            Defraud this Court …………………………………………..…………. P10

        c.  Whether Plaintiffs' Duplicate Filing of the Two Cases Constitutes Abusing

            of the Dual Judicial System………………   …………………….……… P14

        d.  MOTION TO QUASH SERVICE OF SUMMON UNDER FRCP RULE 12(b)(5)…………..P14

IV.     Conclusion

*CAIXING XIE'S MOTION TO QUASH SERVICE OF SUMMON*

# AUTHORITIES

- Local rule 3-13, 7-5
- Fed. R. Evid. 602
- Fed. R. Civ. P.12(b)(5)
- C.C.P. § 415.20
- Fed. R. Civ. P. 4(l)(1)
- *Bank of Montreal v. SK FOODS, LLC,* 476 B.R. 588, 596 (N.D. Cal. 2012)
- *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1415-17 (1986)
- *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014)
- *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)
- *Direct Mail Specialists v. Eclat Computerized Techs, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)
- *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)
- *Armco, inc. v. Penrold—Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)
- *See O'brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993)
- *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1415-17 (1986).
- *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)
- *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986)
- *Franchise Holding II, LLC. V. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)
- *America Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)
- *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

Defendant Xie files this motion requesting an order to set aside this Court's previous Entry of Default dated 07/11/2022 (Dckt. # 18), and quash Plaintiffs' service of process (Dckt. # 16), on the primary ground that Plaintiffs have defrauded this Court in issuing a substitute service order on Defendant Xie, by deliberately concealed a related action and a motion, and by actively provided false declaration to mislead this Court.

### II.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On 10/19/2021, Plaintiffs filed a civil action titled "PALM STREET CAPITAL LLC, HAILING YU and JING LIAO v. CAIXING XIE", case number 21CV389961, at Superior Court of Santa Clara County of California **(the "State Court Case" or "State Court")** (*See* **EXHIBIT 1** of Declaration and Request for Judicial Notice of Leon Jew ["Decla. of Jew"], alleging*, inter alia,* Defendant Xie breached two (2) contracts that associated with a construction project located at Holly Dr. and Non-Situs Dr. of  San Jose, CA, and other related cause of action such as violation of Bus. and Prof. Code § 17200.

It is important to mention that, in the Plaintiffs' Complaint of the State Court Case, Plaintiffs allege and admit that Defendant Xie resides in China. (*See* ¶2 of **EXHIBIT 1** of Decla. of Jew). In the Plaintiffs Cover Sheet of the current federal case, Plaintiffs alleges that Defendant Xie is a citizen of a foreign country. *See* Dckt.# 1, page 2. As shown on Declaration of Xie (at **¶ 15** ), Plaintiffs have always known that Xie resides in China.

On 01/06/2022, in the State Court Case, Plaintiffs filed a proof of service alleging that Defendant Xie was served with the process by substitute service on the ground that "*an Asian male…who is co-tenant and family relative of Defendant Xie*" was provided

1    with the Summon and Complaint after the process server's due diligence at Defendant

2    Xie's "*dwelling house*" of 18255 Clemson Avenue, Saratoga, CA 95070. (*See* **EXHIBIT**

3    **2** of Decla. of Jew").

4         On 02/07/2022, in the State Court Case, Defendant Xie filed a Motion to Quash

5    Service challenging Plaintiffs' service of process, asserting that he currently has no

6    dwelling house in California because he is living in China, that he has no "*co-tenant and*

7    *family relative*" residing in California., and that the alleged "*dwelling house*" is renting out

8    to a tenant. (*See* **EXHIBIT 3** of Decla. of Jew). This motion is pending in the State Court

9    Case and is set to be heard on 10/27/2022[1]. Plaintiffs concealed to Defendant Xie's

10   motion to quash service by not responding to Xie's motion even after proper notice.

11        On 03/28/2022, instead of properly response to Xie's motion in the State Court

12   Case, Plaintiffs resorted to secretly filing the current action (case # 5:22-cv-1932, the

13   **"Current Federal Case" or "Current Federal Court"**, Dckt. # 1), deliberately concealed

14   their duplicate filing of the two cases from both the State Court and the Current Federal

15   Court.

16        It's undeniable that and worth mentioning that, the State Court Case and the

17   Current Federal Court Case are not merely a "related case". **Instead, they are the exact**

18   **same case,** which shares the same Plaintiffs (Palm Street Capital LLC, Hailing Yu, and

19   Jing Liao), the same Defendant (Caixing Xie), and the same causes of action (1. breached

20   two (2) contracts associated with a construction project at the same location; 2. violation of

21   Business and Professions Code § 17200; 3. Specific Performance required by the two

22   contracts; 4. same factual allegations; and 5. even the same Exhibit(s)). The only difference

---

[1] However, after Defendant Xie specially appeared in the current federal court and revealed Plaintiffs' concealment of the State Court Case, Plaintiffs abruptly dismissed the State Court Case.

is that the current Federal Court Case has an additional cause of action - Statutory fraudulent transfer- which is merely a legal theory.

Indeed, Plaintiffs deliberately concealed their duplicate filing of the two identical cases and a pending motions from both the State and Federal Courts.

Most egregiously, on 04/09/2022, in the Current Federal Court Case, Plaintiffs filed a motion requesting substitute service on Defendant Xie, alleging that Defendant Xie maintains a "California home" (Dckt.#8, at 3:8-12). However, Plaintiff deliberately concealed, and even misled this Court, the following crucial facts:

1) the existence of the State Court Case;

2) the State Court was concurrently deciding the same issue of substitute service of process on Defendant Xie, which will be heard on 10/27/2022. Plaintiffs alleged that Defendant Xie maintains a "*California Home*" and has "*co-tenant and relatives living in the California Home*". In contrast, Defendant Xie declared that he doesn't maintain a California residential home; and

3) Plaintiffs' Attorney, Ms. Jinyi Kuo ("Ms. Kuo"), declares **"under penalty of perjury"** that she has **"personal knowledge"** that Defendant Xie maintains a "California Home", and that "Xie instructed other residents not to open the door [to accept service]". (Dckt.# 8-1, **at ¶¶ 2 and 4** ). Ms. Kuo's declaration is false and fraudulent in nature, which will be discussed below.

On 06/01/2022, misled by Ms. Kuo's false declaration, this Court granted Plaintiffs' request to substitute serving Defendant Xie on his alleged "*California Home*" located at 18255 Clemson Avenue, Saratoga, CA (which in fact Defendant Xie is residing in China) (Dckt. # 16)

1   On 06/03/2022, based on the above ill-gotten court order, Plaintiffs alleged they

2   served the process to Defendant Xie, because the process was left on Xie's "*RESIDENCE*

3   *OR USUAL PLACE OF ADOBE*", located at 18255 Clemson Avenue, Saratoga, CA

4   95070 (the "California Home"). (Dckt. # 16). This is another false declaration Plaintiffs

5   provided to the Current Federal Court, because Plaintiffs knew that Xie has no primary

6   residence in California.

7
8   On 07/11/2022, based on the above ill-gotten court order, Plaintiffs obtained an

9   entry of default. (Dckt. # 17).

10  On 09/13/2022, after Defendant Xie realized the existence of the Current Federal

11  Case, Xie had retained a counsel again, paid another deposit of attorney's fee again, and to

12  litigate the same case and the same personal jurisdiction issue all over again from the

13  beginning in the Current Federal Court. (*See* Declaration of Caixing Xie ["Decla. of Xie"],

14  at **¶¶ 16-17**).

15
16  On 09/22/2022, after Defendant Xie revealed Plaintiff's concealment to the State

17  Court Case, Plaintiffs abruptly dismissed the State Court Case, which still has a pending

18  motion on the substitute service issue.

19
20  On 09/23/2022, just one day after Plaintiff abruptly dismissed the State Court

21  Case, Plaintiffs submitted a CMC statement to this Court which refused to acknowledge

22  the identical State Court Case. Plaintiffs' CMC statement, in the pertinent part, states:

23
24  "*Plaintiffs initially filed a case against Defendant Xie in Superior Court of*

25  *California… Plaintiffs have requested the state court to dismiss this case. A*

26  *review of court records in the Bay Area counties … **The facts in those***

27  ***cases [were] different from the facts in this case***"  (Dckt. # 29)

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

III.    **ARGUMENT**

    a.  **Defendant Deliberately concealed the State Court Case and its pending Motion from the Current Federal Court**

By deliberately concealing the related case and pending motion from this Court, Plaintiffs' actions clearly violated local rule 3-13, which provides that:

> " *Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or* **state court,** *the* **party must promptly file with the Court in the action pending before this Court** *and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding. (N.D. Cal. Civ. L.R. 3-13(a)."*

The Notice must contain a description of the other case and where it is pending, a brief statement of the relationship between the cases, and, "[i]f the other action is pending before **any state court,** whether proceedings should be coordinated **to avoid conflicts,** conserve resources and promote an efficient determination of the action." (Civ. L.R. 3-13(b).)

Here, Plaintiffs not only failed to disclose the State Court Case, but also willfully concealed the crucial facts that the State Court Case has a pending motion regarding the same substitute service issue (the hearing is currently set on 10/27/2022). Had the Current Federal Court been provided the crucial fact that the State Court Case has the same pending motion dealing with the same substitute service issue, the Current Federal Court

wouldn't have had to spend judicial resources to decide the same issue that is still being decided in the State Court.

Further, Plaintiffs' conduct has clearly undermined Local Rule 3-13's policy of **avoiding conflicts and promoting judicial efficiency.** (*See* N.D. Cal. Civ. L.R. 3-13(b)(3)(C) (the stated purpose of the Rule is "to avoid conflicts, conserve resources and promote an efficient determination of the action"); *see also Bank of Montreal v. SK FOODS, LLC,* 476 B.R. 588, 596 (N.D. Cal. 2012) (as contemplated by Local Rule 3-13(d), a district court may enter an "appropriate order" upon learning of pending related proceedings, which could entail declining to exercise jurisdiction over the case or transferring it to another district where the related proceeding is pending).

      **b.  Whether Plaintiffs' Counsel Ms. Kuo Provided a False Declaration to this Court**

Plaintiffs filed a motion for substitute service of process on Defendant Xie on 06/01/2022 (Dckt. # 16). In order to persuade this Court to grant their substitute service request, Plaintiffs had to present evidence that the process was left to Defendant Xie's **dwelling house.** (California law allows for substitute service as C.C.P. § 415.20 provides that, If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's **dwelling house.** A dwelling house or usual place of abode means the place **where the defendant holds out as his or her principal residence**, and where he or she is most likely to receive actual notice." *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1415-17 (1986).

Therefore, during Ms. Kuo's declaration filed to this Court dated 04/29/2022 (Dckt. # 8-1 ), in order to persuade this Court that Defendant Xie maintains a California residential address, Ms. Kuo declared, in the pertinent part, that

"*I, Jingyi Guo, declare:*

1. *I am the Counsel of record for Plaintiffs …*
2. *I **have personal knowledge** of the dispute between Plaintiffs and Defendant named in this action, as well as efforts made by Plaintiffs to serve the process on Defendant.*
3. *…*
4. *Plaintiffs have attempted to serve the Complaint and Summons on Defendant Xie in at least the following eight ways:*
   1) *attempted personal service by Haijiang Yu at **Defendant's California home***
5. *All Plaintiffs' four attempts to personally serve Defendant Xie at his Saratoga home failed, because either Defendant Xie was not present, or **Defendant Xie had instructed other resident** not to open the door*

**I declare under penalty of perjury** *under the laws of the United States that the forgoing is true and correct*"

"Personal knowledge," for purposes of evidence rule providing that witness may testify to matter only if witness has personal knowledge of such matter, means **knowledge produced by the direct involvement of the senses**. Fed. R. Evid. 602. "[P]ersonal knowledge means knowledge produced by the direct involvement of the senses." *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014).

Further, as discussed in Weinstein's Federal Evidence § 602.02: A witness may testify only about matters on which he or she has **first-hand knowledge**. Because most knowledge is inferential, personal knowledge includes opinions and inferences

1    grounded in observations or other first-hand experiences. The witness's testimony must be

2    based on events **perceived by the witness through one of the five senses.** (i.e. sight,

3    sound, smell, taste, and touch)

4

5         Similarly, Local Rule 7-5 (1)(b) provided that, An affidavit or declaration may

   contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P.

6

7    56(e), and must avoid conclusions and argument. Any statement made upon information or

8    belief must specify the basis therefor. An affidavit or declaration not in compliance with

9    this rule may be stricken in whole or in part.

10         Here, as Ms. Kuo is a licensed attorney who possesses in-depth knowledge of the

11    meaning of "PERSONAL KNOWLEDGE", she declared "UNDER PENALTY OF

12

13    PERJURY" that she personally, with her first-hand knowledge, and under her one of the

14    five senses (i.e. sight, sound, smell, taste, and touch), experienced that:

| Ms. Jinyi Kuo's declarations of personal knowledge | The plain language of Ms. Jinyi Kuo's declarations |
|---|---|
| *Plaintiffs have attempted personal service by Haijiang Yu at Defendant's California home* | Ms. Kuo declared that she personally went to Defendant's residential home with Haijiang Yu |
| *Defendant's California home* | Ms. Kuo personally sees Xie residing at the home at the time of the service, and presenting this evidence to this Court for the purpose of requesting substitute service on Xie |
| *All Plaintiffs' four attempts to personally serve Defendant Xie at his Saratoga home failed, because either Defendant Xie was not present, or Defendant Xie had instructed other resident not to open the door* | Ms. Kuo personally went to Defendant Xie's home four times with the process server Yu, Wu, and Liu.<br><br>Ms. Kuo saw Defendant Xie through her own eyes that Mr. Xie resided in the California home.<br><br>Ms. Kuo heard Defendant Xie through her own ears that Mr. Xie instructed the resident not to open the door to accept the service |

*CAIXING XIE'S MOTION TO QUASH SERVICE OF SUMMON*

However, Ms. Kuo's declarations above are apparently false, misleading, and fraudulent, because as shown in Defendant Xie's Declaration (at **¶ 18**), Mr. Xie has never met, seen, or heard Ms. Kuo in his life. It is impossible that Ms. Kuo has personal knowledge (meaning through Ms. Kuo's five senses) that Mr. Xie maintained a California Home when Plaintiffs filed the motion for substitute service. It is further impossible that Ms. Kuo personally heard that Mr. Xie instructed other residents not to open the door of the California Home to accept the service. It is also against common sense and common practice that an attorney personally attended four service attempts with three different process servers.

Not to mention that, before Plaintiffs filed the motion for substitute service in the Current Federal Court, Defendant Xie already provided a declaration to Plaintiffs stating that he is residing in China and has no California residence in the State Court Case, and that in the Plaintiffs' own Complaint in the State Court Case it recognizes that Defendant Xie resides in China. (*See* **¶2 of EXHIBIT 1** of Decla. of Jew).

Ultimately, misled by Ms. Kuo's false declaration and being concealed with the State Court Case and its pending motion, this Court made an order granting Plaintiffs' substitute service on Defendant Xie's alleged California Home (Dckt. # 9)

On 06/03/2022, based on the above ill-gotten court order, Plaintiffs alleged they served the process to Defendant Xie by leaving the process on Xie's "*RESIDENCE OR USUAL PLACE OF ADOBE*", located at 18255 Clemson Avenue, Saratoga, CA 95070 (the "California Home"). (Dckt. # 16). This is another false declaration Plaintiffs provided to the Current Federal Court. Apparently Plaintiffs have provided several false declarations to the Current Federal Court.

1   Plaintiffs and their attorney Ms. Kuo have clearly defrauded this Court in issuing a

2   substitute service order against Defendant.

3        **c.  Whether Plaintiffs' Duplicate Filing of the Two Cases Constitutes**

4            **Abusing of Dual Judicial System**

5        It's undeniable that Plaintiffs have duplicated filed the same case in both State

6   Court and Current Federal Court. Defendant Xie already appeared in the State Court Case,

7   paid a significant attorney's fee to litigate with Plaintiffs in the State Court Case, and dealt

8   with the substitute service issue, which will be decided on 10/27/2022 in the State Court.

9        However, without disclosing the State Court Case and its pending motion,

10  Plaintiffs secretly filed the identical case in the Current Federal Court, asking this Court to

11  decide the same personal jurisdiction issue that has already been discussed and litigated in

12  the State Court.

13       After Defendant Xie was notified the Current Federal Case, he was forced to pay

14  another significant amount of attorney fee again, to retain an attorney again, to litigate the

15  same case again, and deal with the same personal jurisdiction issue all over again from the

16  beginning (*See* **¶¶ 16-17** of Decla. of Xie).

17       Evidently, Plaintiffs' actions are nothing but gaming and abusing our dual judicial

18  system and wasting judicial resources.

19       **d.  Motion to Quash Service of Summons Under FRCP 12(b)(5)**

20       A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of

21  service of process." *See* Fed. R. Civ Pro. 12(b)(5). The motion challenges the validity of

22  the actual method or manner of service of process. When a defendant challenges service of

23  process, "**the plaintiff bears the burden of establishing the validity of service** pursuant

1    to Rule 4" of the Federal Rules of Civil Procedure. *O'Meara v. Waters*, 464 F. Supp. 2d
2    474, 476 (D. Md. 2006); *see also* Fed. R. Civ. P. 4(l)(1).

3         "A federal court does not have jurisdiction over a defendant unless the defendant
4    has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat*
5    *Computerized Techs, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "**Neither actual notice nor**
6    **simply naming the defendant in the complaint will provide personal jurisdiction**"
7
8    absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492
9    (9th Cir. 1986).

10        The "plain requirements for the means of effecting service of process may not be
11   ignored." *Armco, inc. v. Penrold—Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.
12
13   1984). "A federal court does not have jurisdiction over a defendant unless the defendant
14   has been served properly under Fed. R. Civ. P. 4." *Direct Mail Spec.* 840 F.2d 685 at 688.
15   "Objections to the validity of service of process must be specific and must point out what
16
17   manner the plaintiff has failed to satisfy the requirements for proper service." *See O'brien*
18   *v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993).

19        California law allows for substitute service as C.C.P. § 415.20 provides that, If a
20   copy of the summons and complaint cannot with reasonable diligence be personally
21   delivered to the person to be served . . . a summons may be served by leaving a copy of
22
23   the summons and complaint at the person's **dwelling house.** A dwelling house or usual
24   place of abode means the place **where the defendant holds out as his or her principal**
25   **residence**, and where he or she is most likely to receive actual notice." *Zirbes v. Stratton*,
26   187 Cal. App. 3d 1407, 1415-17 (1986).

27
28

1    Here, in order to persuade this Court to grant a substitute service order on

2    Defendant Xie at his alleged "*California Home*", Plaintiffs had the burden of prove that

3    the said "California Home" is the place where Xie holds out as his principal residence.

4    However, prior to Plaintiffs' request for a substitute service order in the Current

5    Federal Court, Defendant Xie already provided a declaration to Plaintiffs stating that he is

6    residing in China and has no California residence in the State Court Case. Further, the

7    Plaintiffs' own Complaint in the State Court Case recognizes that Defendant Xie resides in

8    China. (*See* ¶2 of **EXHIBIT 1** of Decla. of Jew).

9    Plaintiffs knew that they were unable to prove the "California Home" is Defendant

10   Xie's principal residence and conceded Xie's challenge in the State Court Case by not

11   response. Instead, Plaintiffs resorted to secretly file an identical same case in the Current

12   Federal Court, provided a false declaration, and requested a substitute service order on

13   Defendant Xie, defrauded this Court in issuing an substitute service order on Xie.

14   On 06/03/2022, based on the above ill-gotten court order, Plaintiffs alleged they

15   served the process to Defendant Xie by leaving the process on Xie's "*RESIDENCE OR

16   USUAL PLACE OF ADOBE*", located at 18255 Clemson Avenue, Saratoga, CA 95070

17   (the "California Home"). (Dckt. # 16). This is another false declaration Plaintiffs provided

18   to the Current Federal Court. The certificate of service provided by Plaintiffs came purely

19   from their false declaration because Defendant Xie has not maintained a California

20   resident address, the process was not served to Xie. (*See* Decla. of Xie, at **¶¶ 4-15**).

## IV.    <u>CONCLUSION</u>

1         In light of Plaintiffs' misconduct mentioned above, Defendant Xie respectfully

2    requests that this Court quashes Plaintiffs' service of process on him pursuant to FRCP

3    Rule 12(b)(5).

4

5

6

7    Dated: October 5, 2022

8                                      Respectfully submitted,

9                                      /s/Leon E. Jew

10                                     Leon E. Jew
                                       Attorney for Defendant

11                                     Caixing Xie

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28