UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM STREET CAPITAL LLC, and others,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAIXING XIE,<br><br>　　　　　Defendant. | Case No. 22-cv-1932 NC<br><br>**ORDER RESOLVING SERVICE OF PROCESS ISSUES; AND VACATING DEFAULT AGAINST DEFENDANT XIE**<br><br>Re: ECF 31, 32, 33, 35, 39, 40 |

In this civil case, Plaintiffs Palm Street Capital LLC, Hailing Yu, and Jing Liao allege that Defendant Caixing Xie breached real estate investment contracts with them when he refused to pay principal and interest due to them. *See* ECF 11, Amended Complaint. On June 1, 2022, the Court granted Plaintiffs' motion requesting leave for alternative method of service. ECF 9. On July 11, 2022, the Clerk granted a default against Defendant Xie. ECF 18. Plaintiffs then moved for entry of default judgment. ECF 20. On September 15, 2022, Xie's counsel appeared and opposed the default judgment. ECF 23. The Court then denied default judgment, denied Plaintiffs' request for an award of sanctions against Xie, and set a deadline of October 12, 2022, for Xie's filing of motions challenging service and vacating the default. ECF 30.

Now presented are a cluster of four overlapping motions filed by Xie challenging service and the default entered against him. Plaintiffs oppose all four motions. The Court resolves the four Xie motions as follows:

- ECF 32: Motion to set aside default under Fed. R. Civ. P. 55(c). For good cause

shown, the Court GRANTS Xie's motion to set aside default. The default entered against Xie at ECF 18 is VACATED. Plaintiffs' request to condition this request with an order for Xie to pay $7,888.95 in costs is DENIED for lack of good cause in consideration of Plaintiffs' failure to disclose the state court case between the parties.

- ECF 31: Motion to vacate the Substituted Service Order and default under Fed. R. Civ. P. 60(b)(3) and 60(b)(1). The Court is not persuaded that there was fraud, misrepresentation, or misconduct by the opposing party sufficient to satisfy Rule 60(b)(3); nor were the prior orders a product of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). This Motion is therefore DENIED.

- ECF 33: Motion to quash service of summons under Fed. R. Civ. P. 12(b)(5). Based on the declaration of Xie, ECF 33-2, the Court finds that the address in Saratoga, California, where Plaintiffs served him was not his home or "usual place of abode" in 2022. *See* Cal. Civ. Proc. Code § 415.20(b). The motion to quash is therefore GRANTED.

- ECF 35: Motion to sanction Plaintiffs and their counsel $6,300 for providing a false declaration and failing to withdraw it. The Court agrees with Xie that Plaintiffs' counsel should have disclosed the parallel state court case between the parties as a "Notice of Pendency of Other Action or Proceeding" under N.D. Cal. Civil Local Rule 3-13. Plaintiffs' counsel are admonished for their failure to make a timely disclosure of the state court case. But the Court is not persuaded that the failure to disclose was fraudulent or in bad faith, or that Plaintiffs' counsel should be sanctioned for their declarations filed in support of service of process. A more proportional remedy is to quash the service of the complaint and summons, which the Court has done above in granting ECF 33. The motion to sanction is therefore DENIED.

Next, the Court addresses two sets of evidentiary objections raised by Plaintiffs in ECF 39 and 40.  Under N.D. Cal. Civil Local Rule 7-3(a), "Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum." The Court DENIES these objections that were filed separately in violation of Local Rule 7-3(a).

In conclusion, this Order vacates the default against Defendant Xie, quashes service of the summons and complaint on Xie, denies Xie's request to vacate prior orders of this Court under Rule 60, and denies both sides' requests for monetary sanctions.  The motions and objections in ECF  31, 32, 33, 35, 39, 40 are resolved.

The Case Management Conference remains as scheduled on December 7, 2022, at 1:00 p.m. by Zoom.  Counsel for each side should be prepared to discuss the following at the CMC: (1) whether Xie will waive service under Fed. R. Civ. P. 4(d); (2) the case schedule; and (3) a referral for a settlement conference, specifically when such a conference should be scheduled.

**IT IS SO ORDERED.**

Dated: December 5, 2022                     _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge