AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Zheng "Andy" Liu (SBN 279327); Jingyi Guo (SBN 335448) <br> 1660 South Amphlett Blvd. Suite 315 <br> San Mateo, CA 94402 <br> TELEPHONE NO.: 650-475-6289   FAX NO. *(Optional)*: 510-987-8411 <br> E-MAIL ADDRESS *(Optional)*: Andy.Liu@Aptumlaw.us <br> ATTORNEY FOR *(Name)*: Plaintiffs Palm Street Capital LLC, Hailing Yu, and Jing Liao | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF: Palm Street Capital LLC, Hailing Yu, and Jing Liao
DEFENDANT: Caixing Xie

| APPLICATION FOR <br> ✔ RIGHT TO ATTACH ORDER  ☐ TEMPORARY PROTECTIVE ORDER <br> ✔ ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT <br> ☐ ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT <br>   ✔ After Hearing    ☐ Ex Parte <br>   ✔ Against Property of Nonresident | CASE NUMBER: <br> 5:22-cv-01932-NC |
|---|---|

1. Plaintiff *(name)*: Hailing Yu
   applies  ✔ after hearing  ☐ ex parte  for
   a. ✔ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☐ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*: Caixing Xie
   a. ✔ is a natural person who
      (1) ☐ resides in California.
      (2) ✔ does not reside in California.
   b. ☐ is a corporation
      (1) ☐ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☐ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one)*:
   ✔ Code of Civil Procedure section 483.010   ☐ Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).

Page 1 of 3

Form Approved for Optional Use <br> Judicial Council of California <br> AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER, <br> TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Code of Civil Procedure, §§ 482.030, 484.010 et seq.; <br> Welfare. & Institutions. Code, § 15657.01 <br> www.courtinfo.ca.gov

| SHORT TITLE: Palm Street Capital LLC, et al. vs. Xie | CASE NUMBER: 5:22-cv-01932-NC |
|---|---|

6. a. [✓] Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b. [ ] Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7. The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the
   a. [ ] verified complaint.
   b. [ ] attached affidavit or declaration.
   c. [✓] following facts *(specify)*:

   The facts are set forth in the attached Memorandum of Points and Authorities, as is applicable legal authority.

8. The amount to be secured by the attachment is: $ 733,300.00
   a. [ ] which includes estimated costs of: $
   b. [ ] which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. [ ] Any property of a defendant who is **not** a natural person.
   b. [ ] Any property of a nonresident defendant.
   c. [✓] Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 *(specify)*:

   subject to an exception for the first $1,000, up to the amount of $733,300.00, all money, securities, personal properties and real properties held by Caixing Xie, including without limitation, the real property located at 10234 Scenic Boulevard, Cupertino, CA 95014 (Assessor's Parcel Number 357-08-054, 357-08-053 & 357-08-052), 18255 Clemson Ave, Saratoga, CA 95070 (Assessor's Parcel Number 403-27-075), and Non- Situs, San Jose, CA 95127 (Assessor's Parcel Number 599-20-022), all cryptocurrencies, all stocks, and all "fiat" money, whether in the form of US dollars or any foreign currency, whether held directly by Caixing Xie or in an account with any entity, exchange, wallet or otherwise, including without limitations, accounts located at JP Morgan Chase, Bank of America, Wells Fargo, East West Bank, Bank of the West, TD Ameritride.

   d. [ ] Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. [ ] Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. [ ] The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. [ ] Nonresident defendant has not filed a general appearance.

| SHORT TITLE: Palm Street Capital LLC, et al. vs. Xie | CASE NUMBER: 5:22-cv-01932-NC |
|---|---|

13. a. Plaintiff ☐ alleges on ex parte application for order for writ of attachment
    ☐ is informed and believes on application for temporary protective order
    that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
    (1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
        (a) ☐ concealed.
        (b) ☐ substantially impaired in value.
        (c) ☐ made unavailable to levy by other than concealment or impairment in value.
    (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).
    (3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
    (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
    (5) ☐ other circumstances *(specify)*:

    b. The statements in item 13a are established by ☐ the attached affidavit or declaration
       ☐ the following facts *(specify)*:

14. ☐ Plaintiff requests the following relief by temporary protective order *(specify)*:
    (1) the institutions holding funds in Defendant Xie's name be restrained from transferring, directly or indirectly, interest in those accounts to anyone but a levying officer; (2) Defendant Xie refrain from transferring his interest in the 10234 Scenic Boulevard, Cupertino, CA 95014 property but a levying officer; (3) Defendant Xie be restrained from taking any action that may impede the prompt attachment of attachable assets that have already been identified; and (4) Defendant Xie be refrained from any further transfer of attachable assets that have not been identified.

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☑ has not filed an undertaking.

Date: 01/03/2023

Jingyi Guo
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF's ATTORNEY)

▶ *(signature)*
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

---

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/03/2023

Hailing Yu
(TYPE OR PRINT NAME)

▶ DocuSigned by: Hailing Yu
BD40A30C19974C2...
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page 3 of 3