LEON E. JEW (SBN: 219298)
DAYHEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218

Attorney for Defendant
Caixing Xie

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO;<br><br>Plaintiffs,<br><br>vs.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No: 5:22-cv-01932-NC<br><br>DEFENDANT CAIXING XIE'S NOTICE OF OPPOSITION TO PLAINTIFF HAILING YU'S WRIT OF ATTACHMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:   March 01, 2023<br>Time:  01:00 P.m.<br>Dept:   Courtroom 5<br>Judge: Honorable Nathanael M. Cousins |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

In this Opposition, Defendant Xie will show that Plaintiffs are not only unable to prove the validity of their claims, but also provide deceitful and untrue English translations to mislead this Court.

**II.     FACTUAL BACKGROUND**

In around 2017, Plaintiffs, Defendant Xie, and other investors engaged in a joint investment project to develop a lot in San Jose (the "San Jose Project"). However, some

investors including Plaintiffs breached the investment agreement by not providing sufficient funds, which caused the project delay.

Defendant Xie further discovered that, the financial manager of the San Jose Project, Ms. Xiaoqin Wu, conspired with some investors including Plaintiffs, forged Defendant Xie's signatures and embezzled the San Jose Project's investment funds and profits. As Defendant Xie himself is one of the investors of the said project, Xie is also a victim of the delay of the San Jose Project. As a result, a civil action has been filed against Ms. Xiaowin Wu ("Wu") (case # 20CV364355, Santa Clara of California Superior Court).

Defendant Xie opposes Plaintiff Yu's application of writ of attachment on the grounds that:

1. Plaintiffs cannot prove the validity of their claim as the English translations provided by Plaintiffs are deceitful, and the declaration testified by Plaintiffs is self-contradictory.

2. Defendant Xie will file a cross-complaint against Plaintiffs for their breach of contract and previous wrongful use of civil proceedings.

3. Plaintiffs' declarations fail to show great and irreparable injury, if this application is denied.

4. Defendant Xie is not a California resident, and has not engaged in a qualified trade, business, or profession for the purpose of this writ of attachment.

### III.     **PLAINTIFF PROVIDED FALSE ENGLISH TRANSLATIONS**

Plaintiff provided false and critical English translations to mislead this Court, which was pointed out and corrected by a federal court-registered interpreter.

**Exhibit B** attached to Plaintiff Yu's declaration (*See* Dkt. # 48-2) contains several deceitful and untrue English translations. For instance, the English translation omits the important sentence "**THE PROJECT IS NOW COMPLETE**", which is included in the original Chinses-written document. (*See* Certification of Samuel Chong concurrently filed with this Opposition). This intentional omission evidences that Plaintiffs' application is self-contradictory, because in Plaintiffs' Complaint, it states the project **is not completed** (we will explain it below)

In another example, **Exhibit B**'s English translation (*See* Dkt. # 48-2) states "*it is hereby agreed to by all parties!*", but the original Chinese-written document never says so . (*See* Certification of Samuel Chong concurrently filed with this Opposition).

**Exhibit A** attached to Plaintiff Yu's declaration (Dkt. # 48-2) also contains several untrue and critical English translations. For instance, section 6 of the English translation, states that party B "*personally guarantees*" Party A's return, but the original Chinese-written document never says so. (*See* Certification of Samuel Chong).

### Summary of Plaintiffs' false translation

| Disputed translation | Plaintiffs' false translation (*See* Dkt. # 48-2) | Certified Interpreter's translation (*See* Certification of Samuel Chong) |
|---|---|---|
| Line 3 of Exhibit B attached to Plaintiff Yu's declaration (*See* Dkt. # 48-2) | [Omits] "THE PROJECT IS NOW COMPLETE" | [includes] "THE PROJECT IS NOW COMPLETE", |
| Last sentence of **Exhibit B** attached to Plaintiff Yu's declaration (*See* Dkt. # 48-2) | [includes] *it is hereby agreed to by all parties!"* | [didn't includes] *it is hereby agreed to by all parties!"* |

| Section 6 of the **Exhibit A** agreement attached to Plaintiff Yu's declaration (Dkt. # 48-2) | party B "personally guarantees" Party A's return | [didn't includes] "personally guarantees" |
|---|---|---|

### IV.  PLAINTIFF'S SELF-CONTRADICTORY DECLARATION

The declaration provided by Plaintiff not only contains false English translations, but is also self-contradictory.

For instance, Plaintiff alleges that Yu entered an agreement and **invested in March 2017** (*See* Dkt. # 48-1, at 3:5), but the Exhibit B of Plaintiff Yu's declaration (Dkt. # 48-2) states Yu **invested in 2015**.

Further, Plaintiffs allege **the project is not complete** (*See* Plaintiff's Complaint, at 5:19 [Dkt. # 1], stating "*Two years later, by October 2019, Defendant Xie had constructed only three units rather than four or five as originally agreed to*"; *also see* Plaintiff's current motion moving paper [Dkt. # 48-1], stating "*Defendant Xie constructed only three units on the San Jose Lot rather than four or five units as required under the Written Contract*"). However, in Exhibit B of Plaintiff Yu's declaration (Dkt. # 48-2), the original Chinese document states ***the entire project is now complete*** (as mentioned above, Exhibit B contains deceitful English translation by intentionally omitting the sentence of "*the entire project is now complete*", *see* Certification of Samuel Chong concurrently filed with this Opposition).

Another error is that, despite Plaintiff's declaration stating that Exhibit C is a true and correct copy of a contract signed by Xie (Dkt. # 48-2, at 2:15), nothing in Plaintiff's Exhibit C contains a contract.

Most importantly, Plaintiff failed to show any documents proving that they have provided sufficient funds for the project. Defendant in fact is ready to file a cross-complaint against Plaintiffs for their breach of contract.

Despite Plaintiff's moving paper stating the above inconsistencies are mere "TYPO" (*See* Dkt. # 48-2, at 2:16), the discrepancies are self-evidence that Plaintiff's declaration cannot satisfy the current writ of attachment's "claim probably valid" standard (C.C.P §484.090(a)(2)), or "more likely than not" Plaintiff will obtain a judgment. C.C.P. §481.190. See also *Howard S. Wright Constr. Co. v Superior Court* (2003) 106 CA4th 314, 319; *Loeb & Loeb v Beverly Glen Music Co.* (1985) 166 CA3d 1110, 1118. 7778. Therefore, Plaintiffs' application shall be denied in its entirety.

## V. DEFENDANT XIE IS A NON-RESIDENT AND DOES NOT ENGAGE IN QUALIFIED TRADE, BUSINESS, OR PROFESSION

As shown on Plaintiff's moving paper, Plaintiff concedes that Defendant Xie is not a resident of California (Dkt. # 48, page 1, item 2.a)

Further, Defendant Xie has not engaged in the qualified "TRADE, BUSINESS, or PROFESSION" for the purpose of Plaintiff's application. Instead, Defendant Xie is merely one of the several investors and victims of the delay of the San Jose Project. (*See* **Exhibit B** attached to Plaintiff Yu's declaration [Dkt. # 48-2], stating Defendant Xie is "*Party B, **investor***")

Defendant Xie in fact has been an investor who engages in various investments across different industries, including smartphone and high-tech industries. Real estate is merely one of Xie's investment portfolios. *See* Declaration of Caixing Xie. C.C.P §487.010(c)(6)). *Advanced Transformer Co. v. Superior Court*, 44 Cal.3d 124, 144 (1974).

## VI. DEFENDANT XIE WILL FILE A CROSS-COMPLAINT AGAINST PLAINTIFFS FOR THEIR BREACH OF CONTRACT AND MALICIOUS PROSECUTION

Plaintiffs previously concurrently filed the current, exact, case in a state court and the current federal court, without notifying both courts. Later, the state court case was dismissed in Defendant Xie's favor.

The dismissal of the state court case not only proves that Plaintiffs' claims are without merits, but also entitles Defendant Xie to the right to file a cross-complaint against Plaintiffs for their wrongful use of civil proceedings.

As Defendant Xie is ready to file a cross-complaint against Plaintiffs for their breach of contract and malicious prosecution and is confident in the claims.

Plaintiffs cannot satisfy their burden of proof that they will "more likely than not" obtain a judgment against Defendant Xie. C.C.P. §481.190, *Loeb & Loeb v Beverly Glen Music Co.* (1985) 166 CA3d 1110, 1118. 7778. Therefore, Plaintiffs' application shall be denied in its entirety.

## VII. CONCLUSION

In light of Plaintiffs' erroneous application mentioned above, including false English translations and self-contradictory declaration, Defendant Caixing Xie respectfully requests this Court to deny the application in its entirety.

Dated: February 21, 2023

Respectfully submitted,

/s/Leon E. Jew
Leon E. Jew
Attorney for Defendant
