LEON E. JEW (SBN: 219298)
DAYHEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218

Attorney for Defendant
Caixing Xie

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO;<br><br>        Plaintiffs,<br>vs.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br>        Defendants. | Case No: 5:22-cv-01932-NC<br><br>**DEFENDANT CAIXING XIE'S OPPOSITION TO PLAINTIFF'S 2ND WRIT OF ATTACHMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 03, 2023<br>Time:  01:00 P.m.<br>Dept:   Courtroom 5<br>Judge: Honorable Nathanael M. Cousins |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Caixing Xie ("Defendant Xie") opposes Plaintiff PALM STREET CAPITAL LLC (Plaintiff)'s **SECOND** writ of attachment application on the following grounds:

1. Defendant Xie has not executed the alleged contract(s) with Plaintiff, and further alleges that Plaintiff provided forged contracts to this Court;

1

OPPOSITION TO WIRT OF ATTCH

2. Defendant Xie has not engaged in the qualified "trade, business or profession" prescribed by C.C.P. § 483.010.

## II. FACTUAL BACKGROUND

In around 2017, an investment agreement to develop a lot in San Jose (the "San Jose Project") was executed between PALM STREET CAPITAL LLC and Welking International Industrial, Inc ("Welkin International"). Defendant Xie at the time was one of the investors and CEO of Welking International.

Because several investors including Plaintiff failed to provide sufficient funds, the San Jose Project is currently being delayed, but is still ongoing.

Defendant Xie further discovered that, the financial manager of the San Jose Project, Ms. Xiaoqin Wu ("Ms. Wu"), conspired with some investors including Plaintiffs, forged Defendant Xie's signatures and embezzled the San Jose Project's investment funds and profits. As Defendant Xie himself is one of the investors of the said project, Xie is also a victim of the delay of the San Jose Project.

Defendant Xie declares, under penalty of perjury that, he **HAS NOT** executed the alleged investment contract(s) (*See* Dkt. #66-3, Decla. of Yuanyuan Liu, at Exhibit A; the "Two Contracts) with Plaintiff, and the Two Contract(s) were likely forged by Ms. Wu, which might be known by Plaintiffs. (*See* Decla. Of Xie).

Defendant Xie declares, under penalty of perjury that, he has not engaged in the alleged conversation (*See* Dkt. #66-3, Decla. of Yuanyuan Liu, at Exhibit G) with Plaintiffs. It's worth mentioning that this is not the first time that Defendant Xie warned Plaintiff the impersonating social media conversation, but Plaintiff continues not to believe Xie. (*See* Decla. Of Xie).

Defendant Xie declares, under penalty of perjury that, Welking International and him individually, are separate entities, and the investment agreement associated with the San Jose Project, was executed by the Welking International with Plaintiff (*See* Decla. Of Xie), which can be shown by Plaintiff's own allegation that it wired the investment fund to Welking International, not Xie individually (*See* Dkt. #66-3, Decla. of Yuanyuan Liu, at ¶¶ 9-10)

### III. ARGUMENT

#### 1. DEFENDANT XIE DISPUTES THE TWO CONTRACT(S)

Plaintiff incorrectly alleged that the Two Contract(s) alleged by Plaintiff were provided by Defendant Xie, because the Two Contract(s) were first provided by Plaintiff's Complaint (*See* Dkt. 11, Plaintiff's FAC, at Exhibit A and B), and again provided on Plaintiff's first application of writ of attachment (Dkt. 48-2, at exhibit A and B), and the current application.

The only time Defendant Xie referred to the Two Contract(s), was for the sole purpose of pointing out that, Plaintiff's evidence contained deceitful English translation and self-contradictory. (*See* Dkt. 57, Defendant Xie's opposition to Plaintiff's first writ of attachment, at ¶ 3:1). Defendant Xie has not in any way admitted he has executed the said contract with Plaintiff.

As shown in Defendant Xie's declaration, Xie alleges that the Two Contract(s) were likely forged by Ms. Wu, Welking International's financial manager, which might be known by Plaintiff.

#### 2. PLAINTIFF'S SELF-CONTRADICTORY DECLARATION

The Two Contract(s) provided by Plaintiff are not only forged, but also self-contradictory.

For instance, Plaintiff alleges that it **invested in March 2017** (*See* Dkt. # 66-3, at ¶ 2:3), but in the same declaration, on page 16, it states Plaintiff **invested in 2015**.

In another instance, Plaintiff alleges **the [San Jose] project is incomplete** (*See* Dkt. # 11, Plaintiff's First Amended Complaint, at ¶ 5:19, stating "*Two years later, by October 2019, Defendant Xie had constructed only three units rather than four or five as originally agreed to*"; *also see* Plaintiffs' first writ of attachment moving paper [Dkt. # 48-1], stating "*Defendant Xie constructed only three units on the San Jose Lot rather than four or five units as required under the Written Contract*"). However, in Plaintiff's current declaration (*See* Dkt. # 66-3, on page 16), states **the entire project is now complete**).

The Discrepancies above are self-evidence that Plaintiff's declaration cannot satisfy the current writ of attachment's "claim probably valid" standard (C.C.P §484.090(a)(2)), or "more likely than not" Plaintiff will obtain a judgment. C.C.P. §481.190. See also *Howard S. Wright Constr. Co. v Superior Court* (2003) 106 CA4th 314, 319; *Loeb & Loeb v Beverly Glen Music Co.* (1985) 166 CA3d 1110, 1118. 7778. Therefore, Plaintiff's 2nd writ of attachment application shall be denied again.

3. **DEFENDANT XIE WILL FILE A CROSS-COMPLAINT AGAINST PLAINTIFFS FOR THEIR BREACH OF CONTRACT AND MALICIOUS PROSECUTION**

Plaintiffs previously concurrently filed the current, exact, case in a state court and the current federal court, without notifying both courts. Later, the state court case was dismissed in Defendant Xie's favor.

The dismissal of the state court case not only proves that Plaintiffs' claims are without merits, but also entitles Defendant Xie to the right to file a cross-complaint against Plaintiffs for their wrongful use of civil proceedings, and is confident in obtaining a favorable judgment against Plaintiff.

As such, Plaintiffs cannot satisfy their burden of proof that they will "more likely than not" obtain a judgment against Defendant Xie. C.C.P. §481.190, *Loeb & Loeb v Beverly Glen Music Co.* (1985) 166 CA3d 1110, 1118. 7778. Therefore, Plaintiffs' application shall be denied in its entirety.

4. **DEFENDANT XIE DENIES THAT HE HAS ENGAGED IN THE QUALIFIED "TRADE, BUSINESS, OR PROFESSION"**

Plaintiff alleges that Defendant Xie engaged in the "trade, business, or profession" prescribed by C.C.P. § 483.010, but Defendant denies.

Xie alleges that the investment agreement was executed between his company Welking International and Plaintiff, and he is merely an office of the said company. (*See* Declaration of Xie).

The fact that Parties have a dispute on this matter is the prove that, the current writ of application is immature and shall be denied.

5. **PLAINTIFF CANNOT ALLEGE ALTER EGAL AGAISNT XIE**

Plaintiff alleged a breach of contract against Defendant Xie, but admitted that it wired the investment fund to Welking International, not Defendant Xie. (*See* Dkt. #66-3, Decla. of Yuanyuan Liu, at ¶¶ 9-10)

Plaintiff seems to allege that because Defendant Xie is the alter ego of Welking International, therefore providing the investment fund to Welking International was no

different than providing the fund to Xie (*See* Dkt. #66-3, Decla. of Yuanyuan Liu, at ¶¶ 9-10).

The problem of Plaintiff's allegation is that, Plaintiff's own complaint does not list Welking International as a party to this action. Without listing Welking International as a party, Plaintiff cannot allege any alter ego between Defendant Xie and Welking International for the purpose of this litigation.

As Welking International is not a party to this case, along with the fact that Plaintiff admitted that it provided the investment fund to Welking International, not Cai personally, Plaintiff's breach of contract claim lacks the key element – Plaintiff has performed its duty under the contract. As a result, this application for a writ of attachment shall be denied, or at least, immature.

**6. <u>CONCLUSION</u>**

As Defendant Xie disputes he has executed the alleged Two Contract(s) with Plaintiff, the current writ of attachment shall be denied, or at least immature pending the Parties' discovery.

Dated: April 12, 2023

Respectfully submitted,

Leon E. Jew
Attorney for Defendant
Caixing Xie