LEON E. JEW (SBN: 219298)
**DAYHEE LAW GROUP**
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218

Attorney for Defendant
Caixing Xie

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO;<br><br>Plaintiffs,<br>vs.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br>Defendants. | Case No: 5:22-cv-01932-NC<br><br>DEFENDANT CAIXING XIE'S NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:   August 9, 2023<br>Time:  01:00 P.M.<br>Dept:   Courtroom 5<br>Judge: Honorable Nathanael M. Cousins |

TO THIS COURT, PLAINTIFFS, AND THEIR COUNSELS OF RECORDS,

PLEASE TAKE NOTE THAT on the time and location mentioned above, before the Honorable Nathanael Cousins, in Courtroom 5 located at 4th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Caixing Xie will and hereby does move this Court for an order to dismiss Plaintiffs' Second Amended Complaint and case, pursuant to FRCP Rule 19 (b).

This motion is based on this Notice, the Memorandum of Points and Authorities, declarations in support, and other written or oral arguments as may be presented at or before the time this motion is taken under submission by the Court

Dated: June 30, 2023

                                                Respectfully submitted,

                                                /S/LEON E. JEW
                                                LEON E. JEW
                                                ATTORNEY FOR DEFENDANT
                                                CAIXING XIE

Case 5:22-cv-01932-NC   Document 78   Filed 06/30/23   Page 3 of 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENT

I.   INTRODUCTION

II.  FACTUAL BACKGROUND

III. LEGAL STANDARD

IV.  WELKIN INTERNATIONAL is a "REQUIRED PARTY" defined in FRCP Rule 19 (a)

V.   FutureTech Capital LLC and FutureTech Capital are the "REQUIRED PARTIES" defined in FRCP Rule 19 (a)

VI.  FutureTech, Daniel Duyu Hua and Yuhua Jin are Required Parties in which Plaintiffs Fail to Join

VII. Joinder of the Required Parties will Deprive this Court's Subject Matter Jurisdiction

VIII. This Case shall be Dismissed Pursuant to FRCP Rule 19

IX.  Allowing Plaintiffs to Amend Complaint would Prejudice Defendant

## STATUTE

- N.D. Cal. Civil Local Rule 3-13.
- FRCP RULE 19

## CASE LAW

- Davis ex rel. Davis v. United States, 343 F.3d 1282, 1289 (10th Cir. 2003)
- *EEE Minerals, LLC v. State*, 318 F.R.D. 118, 124 (D.N.D. 2016).
- *Provident Tradesmen Bank & Trust v. Patterson,* 88 S. Ct. 733, 745 (1968).
- *Lopez v. Martin Luther King, Jr. Hosp.,* 97 F.R.D. 24, 31 (C.D. Cal. 1983)
- *Crowley v. Duffrin*, 109 Nev. 597, 602, 855 P.2d 536, 539-40 (Nev. 1993).
- *Omega Demolition Corp. v. Hays Grp., Inc., 306 F.R.D. 225, 228 (D. Minn. 2015); Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990)).*
- *Provident Tradesmens Bank & Tr. Co. v. Patterson,* 390 U.S. 102, 118-19, 88 S. Ct. 733, 738-739, 19 L. Ed. 2d 936 (1968).
- *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This action arose from the Parties' dispute over an investment agreement (the "Investment Agreement"), in which each Plaintiff agreed to provide $115,000, or 25% of the total cost, for WELKIN INTERNATIONAL INDUSTRY, INC ("Welkin International") to purchase a lot in San Jose, then re-developed the lot into 5 residential units for sell. In exchange, Welkin International would distribute revenues to Plaintiffs upon completion of the project.

## II.     FACTUAL BACKGROUND

On 10/19/2021, Plaintiffs filed a civil action titled "PALM STREET CAPITAL LLC, HAILING YU and JING LIAO v. CAIXING XIE", case number 21CV389961, at Superior Court of Santa Clara County of California (the "State Court Case" or "State Court"). Subsequently, Defendant Caixing Xie ("XIE") filed a motion to quash service challenging Plaintiffs' service of process in the State Court Case.

Because Plaintiffs knew that they were unable to respond XIE's challenge in the State Court Case, on 03/28/2022, Plaintiffs resorted to secretly filing the current action (Case # 5:22-cv-1932, the "Current Federal Case" or "Current Federal Court" or "this Court", Dckt. # 1), deliberately concealed their duplicate filing of the two cases from both the State Court and the Current Federal Court, <u>gaming and abusing our federal-state dual court system.</u>

On 12/05/2022, this Court's order admonished Plaintiffs' duplicate filing and stated:

> *The Court agrees with Xie that Plaintiffs' counsel should have disclosed the parallel state court case between the parties as a "Notice of Pendency of Other Action or Proceeding" under N.D. Cal. Civil Local Rule 3-13. <u>Plaintiffs' counsels are admonished for their failure to make a timely disclosure of the state court case</u>.*
>
> *(See* ECF 43, at ¶ 2:13)

On 11/30/2022, Plaintiffs' CMC statement stated that they have dismissed the State Court Case. (*See* ECF 41, at ¶ 6:23). This is patently false. As of the date of filing this motion, Plaintiffs <u>HAVE NOT</u> dismissed the State Court Case, as shown on the website docket of the State Court. (*See* Declaration of Leon Jew ["Decla. of Jew]", Exhibit 1). Plaintiffs have also not withdrawn their unlawful Notice of Lis Pendens in the State Court case. (*See* Decla. of Jew", Exhibit 2). <u>Plaintiffs have lied to this Court since 11/30/2022.</u>

It's also worth mentioning that, in the State Court Case, Welkin International has filed a cross-complaint against Plaintiffs, and <u>the Parties are still litigating the same matter in the State Court</u>. (*See* "Decla. of Jew", at Exhibit 3 and Exhibit 4).

Because Plaintiffs filed the Current Federal Case based on diversity jurisdiction, Plaintiffs knowingly misrepresented to this Court the Investment Agreement was executed between Plaintiffs and XIE (a Chinese resident), while in fact, the investment agreement was executed between Plaintiffs and Welkin International (a California citizen entity). Plaintiffs' request for relief, which involves several other indispensable parties, are all California citizens.

As we will detail below, because several indispensable parties have not been joined to this case, and their joinder would destroy this Court's diversity jurisdiction, therefore pursuant to FRCP Rule 19 (b), Defendant XIE requests this Court to dismiss this case, allowing the Parties to continue litigating in the State Court.

### III.  LEGAL STANDARD

FRCP Rule 19 provides a two-step process to determine whether a complaint should be dismissed for failure to join an indispensable party. *See* Davis ex rel. Davis v. United States, 343 F.3d 1282, 1289 (10th Cir. 2003). The first step, outlined in Rule 19(a), provides that a person is Required Party if complete relief cannot be accorded in that person's absence, or resolving the claims without that person may impair the absent party's interest or subject an existing party to the risk of double, multiple or otherwise inconsistent obligations. *EEE Minerals, LLC v. State*, 318 F.R.D. 118, 124 (D.N.D. 2016).

Under Rule 19(a), if a joinder of a required person is feasible, then that person must be joined. Fed. R. Civ. P. 19(a)(2). If a joinder is not feasible, the analysis proceeds to the second step. Fed. R. Civ. P. 19(b). The second step of the analysis, set forth in Rule 19(b), directs a court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

*A necessary party is indispensable, thus requiring dismissal, if they have an interest "of such a nature a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Provident Tradesmen Bank & Trust v. Patterson, 88 S. Ct. 733, 745 (1968).*

### IV.  WELKIN INTERNATIONAL is a "REQUIRED PARTY" defined in FRCP Rule 19 (a)

WELKIN INTERNATIONAL is a "Required Party" defined in FRCP Rule 19 (a) because:

1. **Plaintiffs cannot satisfy the breach of contract element without Welkin International:**

    Despite there being a dispute as to who are the parties of the Investment Agreement, there is no dispute that Plaintiffs provided the investment funds to Welkin International, not XIE personally (*See* ECF 66-3, at ¶ 9 [Palm St.'s own declaration stating it provided the investment fund to Welkin International]. Also *See* ECF 48-2, at ¶ 4, Plaintiffs Hailing Yu's own declaration states that she transferred the investment fund to Welkin International).

    In this manner, this Court has no way to "*accord complete relief among existing parties (*FRCP Rule 19(a)(1)(A))" because *alter ego* cannot be established between XIE and Welkin International, as long as Welkin International is not a party to this action. In other words, Plaintiffs cannot satisfy the key element of breach of contract claim – Plaintiffs have performed the contract requirement by providing investment funds to XIE - because Plaintiffs provided the fund to Welkin International, not XIE.

2. **Welkin International has filed a cross-complaint and claims the same interest against Plaintiffs in the State Court**

    Welkin International has "*claims an interest relating to the subject of the action (*FRCP Rule 19(a)(1)(B))*"* because Welkin International has filed a cross-complaint against Plaintiffs in the Stat Court (*See* Decla. of Jew, Exhibit

3 and 4), in which Welkin International claims, *inter alia*, each of Plaintiff breached the Investment Agreement by failed to provide at least $150,000 pursuant to the Investment Agreement, and Plaintiffs have unjust-enriched at the expense of Welkin International by receiving excessive revenue that they are entitled to. Welkin International is confident in its cross-claim because even Plaintiffs' own declaration admits it provided insufficient funds[1].

Therefore, continue proceeding the Current Federal Case without Welkin International is likely to cause inconsistent judgment between the Current Federal Case and the State Court Case.

3. **Plaintiffs' own Action admitted Welkin International is an indispensable party:**

Plaintiffs' deposition and subpoena notices reveal that Welkin International's important, required, and indispensable role in this action. On 06/01/2023, Plaintiffs issued a deposition notice intending to depose a representative of Welkin International for the following matters:

- *In what capacity, e.g., in his personal capacity or as a representative of Welkin International Industrial, Inc., Defendant Xie signed the contracts attached to the First Amended Complaint;*

- *Whether Welkin International Industrial, Inc., Inc.is an alter ego of Defendant Xie.*

---

[1] Plaintiffs' own evidence stating Plaintiffs agree to provide 25% of the total cost of $4.6 million (i.e., **$1,115,000**) (*See* ECF 66-3, Decla. on behalf of Palm St. Capital, at Exhibit A). However, in the same declaration Palm St. Capital admitted in ¶ 9 that it only provided an insufficient $1 million to Welkin International.
.

(*See* Decla. of Jew, at Exhibit 5)

Similarly, Plaintiffs issued a subpoena notice for Welkin International's bank record. (*See* Decla. of Jew, at Exhibit 6)

It's hilarious that Plaintiffs listed XIE as the sole defendant, but all their discoveries took aimed at Welkin International. This is because Plaintiffs knew from the very beginning that they executed the Investment Agreement with Welkin International, and the only reason Welkin International wasn't listed as a Defendant was that Plaintiffs created a sham diversity jurisdiction to abuse and game the dual court system.

### V.     FutureTech Capital LLC and FutureTech Capital are the "REQUIRED PARTIES" defined in FRCP Rule 19 (a)

Plaintiffs allege that XIE diverted all money due to Plaintiffs into FutureTech Capital LLC and FutureTech (collectively, "FutureTech"), and that FutureTech used Plaintiffs' money to acquire a public company. (*See* ECF 11, Plaintiffs' FAC, at ¶¶ 39-40). Plaintiffs then request an order declaring the transaction made by FutureTech be set aside and declare void (*See* ECF # 11, Plaintiffs' FAC, at ¶ 19:14, item e).

However, this Court cannot "*accord complete relief*" and would "*impede the person's ability to protect the interest* [i.e. FutureTech's ownership right to its properties]" in the absence of FutureTech, because issuing an Order against and in FutureTech's absence is a severe violation of its **Constitutional Right to Due Process** as they have not been served with Plaintiffs' claims, have not been heard, and have not opportunity to assert defenses our counter-claims. It also causes FutureTech to multiple obligations as FutureTech's monetary assets belong to its shareholder.

Further, Plaintiffs' own action proves the importance and indispensable role FutureTech plays in this action, as Plaintiffs issued a subpoena notice for FutureTech's bank records. (*See* Decla. of Jew, at Exhibit 7).

### VI. FutureTech, Daniel Duyu Hua and Yuhua Jin are Required Parties in which Plaintiffs Fail to Join

Plaintiffs allege that XIE unlawfully transferred his shares in FutureTech to Daniel Duyu Hua and Yuhua Jin, request an Order nullifying and voiding the said transaction among the four parties (*See* ECF 11, Plaintiffs' FAC, at ¶ 84);

However, this Court cannot "*accord complete relief*" and would "*impede the person's ability to protect the interest* [i.e. Daniel Duyu Hua and Yuhua Jin's ownership right to FutureTech's shares]" in the absence of FutureTech, Daniel Duyu Hua, and Yuhua Jin, because it severely violate FutureTech, Daniel Duyu Hua, and Yuhua Jin's **Constitutional Right to Due Process**, as they have not been served with Plaintiffs' claims, have not been heard, and have not opportunity to assert defenses our counter-claims.

### VII. Joinder of the Required Parties will Deprive this Court's Subject Matter Jurisdicti*on*

Despite Welkin International, FutureTech, Daniel Duyu Hua and Yuhua Jin are all the required and indispensable parties mentioned above, their joinder is not feasible because they are all California citizens:

- *See* Decla. of Jew, at Exhibit 8, for Welkin International's Statement of Information, showing Welkin International is established under the law of

California, doing business in California, and with its principal office in California.

- *See* Decla. of Jew, at Exhibit 9, for FutureTech's Statement of Information, showing FutureTech is established under the law of California, doing business in California, and with its principal office in California.

- Daniel Duyu Hua, as the CEO working for FutureTech, is also residing in California.

- *See* Yuhua Jin's declaration concurrently filed with this motion, showing her California citizenship for the purpose of non-diversity jurisdiction.

*"Whether joinder is feasible is a legal question. Joinder has been held not feasible where it would destroy diversity jurisdiction". See Lopez v. Martin Luther King, Jr. Hosp., 97 F.R.D. 24, 31 (C.D. Cal. 1983)*

*"The failure to join a necessary party does not serve the interest of justice or comply with NRCP 19(a)". See Crowley v. Duffrin*, 109 Nev. 597, 602, 855 P.2d 536, 539-40 (Nev. 1993).

*"The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." Omega Demolition Corp. v. Hays Grp., Inc., 306 F.R.D. 225, 228 (D. Minn. 2015); Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990)).*

**VIII.** **This Case shall be Dismissed Pursuant to FRCP Rule 19**

Because the joinder of Welkin International, FutureTech, Daniel Duyu Hua and Yuhua Jin (collectively, the **"Absenting Parties"**) is not feasible, pursuant to FRCP Rule 19 (b), this Court shall weigh the following matters to decide whether to dismiss this case:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>   a. protective provisions in the judgment;
>
>   b. shaping the relief; or
>
>   c. other measures.
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Further, The Supreme Court clarified the four 19(b) factors as: (1) plaintiff's opportunity to proceed in an alternative forum; (2) defendant's desire to avoid multiple litigation or inconsistent judgments; (3) prejudice to the absentee; and (4) the interest of the courts and the public in complete, consistent and efficient settlement of controversies. *See Provident Tradesmens Bank & Tr. Co. v. Patterson,* 390 U.S. 102, 118-19, 88 S. Ct. 733, 738-739, 19 L. Ed. 2d 936 (1968).

**Prejudice to the Absenting Parties**

Here, the Absenting Parties' constitutional rights to due process will be violated if a judgment is rendered in their absence to deprive their rights, as they have been served with

Plaintiffs' claims, no opportunity to be heard, and cannot raise defenses nor counter-claims.

### No other Measure can Lessen the Prejudice to the Absenting Parties

Plaintiffs request this Court to issue orders that severely affect the Absenting Parties' rights, including: (1) compensatory damages of three million dollars plus interest; (2) attorney's fee; (3) all property transferred be set aside and declare void; (4) restraining orders enjoining transferring or disposing of properties; declare line on all properties (See ECF #11, the Prayer for Relief of the FAC, at page 19)

In light of Plaintiffs' multiple and extreme requests, it's impossible that this Court can render an adequate judgment to satisfy Plaintiffs' claims without the Absenting Parties.

### Inadequate Judgment would be rendered

As Plaintiffs and Welkin International are still litigating in the State Court, any judgment issued by the Current Federal Court would cause inadequate, and inconsistent judicial decision-making, which is against public policy.

### Plaintiff's alternative remedy

Dismissing the current case won't prejudice Plaintiffs because the Parties can continue to litigate their disputes in the State Court, as an alternative remedy to Plaintiffs.

### Plaintiffs' Bad Faith Action

Lastly, as FRCP Rule 19 (b) is an inconclusive list, Defendant XIE requests this Court to further consider the following Plaintiffs' actions showing their unwillingness to litigate in the Current Federal Court, including:

1. Plaintiffs filed their State Court Case on 10/19/2021 (*See* Decla. of Jew, at Exhibit 10), **more than half a year BEFORE** their filing of the Current Federal Case on 03/28/2022. (See ECF 11, the FAC)

2. The Parties are still litigating the same dispute in the State Court. (*See* Decla. of Jew, at Exhibit 3 and 4)

3. Plaintiffs knew more than anyone that the Absenting Parties are indispensable to this action, which can be proved by their deposition notice and subpoena notice.

4. Throughout the whole action, Plaintiffs have continued to show their contempt and ignorance of this Court's rules and FRCP, including:

    a. On 09/14/2022, Plaintiffs not just only untimely, but elected not to submit their case management statement. (*See* ECF 22).

    b. On 09/22/2022, even after Defendant Xie's warning, Plaintiffs failed AGAIN to timely submit a joint case management statement, and refused cooperation with Defendant (*See* ECF 38-1, Decla. of Jew, at ¶ 3).

    c. On 11/18/2022, Plaintiffs again failed to timely oppose Defendant Xie's four motions. (*See* ECF 37), which Plaintiffs were notified that their opposition should be filed on or before 11/14/2022 (*See* the deadline notification of ECF 35)

    d. On 12/05/2022, this Court's order admonished Plaintiffs' duplicate filing of the State Court Case and the Current Federal Case. (*See* ECF 43, at ¶ 2:13)

    e. <u>Even after this Court's above warning, Plaintiffs have continued lied to this Court since 11/30/2022.</u> Plaintiffs' CMC statement stated that they have dismissed the State Court Case. (*See* ECF 41, at ¶ 6:23). This is patently

false. As of the date of filing this motion, Plaintiffs HAVE NOT dismissed the State Court Case, as shown on the website docket of the State Court. (*See* Decla. of Jew, Exhibit 1, Exhibit 2).

    f. On 02/28/2023. Plaintiffs again violated C.C.P. § 484.060(c)'s replying time, filing their reply to the opposition **less than half-day before the hearing**, leaving Defendant Xie not enough time to object to the new documents presented to this Court. (See ECF 58).

    g. On 06/16/2023, Plaintiffs acted in bad faith by totally ignoring XIE's written discovery by responding nothing to it, not even an objection. (*See* Decla. of Jew, Exhibit 11 for a meet and confer letter).

### IX. Allowing Plaintiffs to Amend Complaint would Prejudice Defendant

Last, Plaintiffs shall not be allowed to amend their complaint as the Parties have spent significant resources and time to litigate this case. Both Parties have conducted written discoveries, a deposition notice has been issued, and multiple subpoenas have been served. Considering the prejudice to XIE as well as Plaintiffs multiple bad faith actions, Plaintiffs shall not be allowed to amend complaint.

*"Leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith." See Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

Dated: June 30, 2023

                                      Respectfully submitted,

                                      /s/Leon E. Jew
                                      LEON E. JEW
                                      ATTORNEY FOR DEFENDANT
                                      CAIXING XIE