LEON E. JEW (SBN: 219298)
**DAYHEE LAW GROUP**
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218

Attorney for Defendant
Caixing Xie

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO; | Case No: 5:22-cv-01932-NC |
| Plaintiffs, | DECLARATION OF LEON E. JEW IN SUPPOR OF DEFENDANT CAIXING XIE'S NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| CAIXING XIE, and DOES 1 through 20, inclusive, | |
| Defendants. | Date:    August 9, 2023 |
| | Time:    01:00 P.M. |
| | Dept:    Courtroom 5 |
| | Judge: Honorable Nathanael M. Cousins |

I, Leon E. Jew, declare as follows,

1.  I am the duly license attorney for Defendant Caixing Xie in this action.

2.  I have personal knowledge of all matters stated herein except those matters that are stated on information and belief, which I believe to be true.

3.  <u>EXHIBIT 1</u> attached herein is a screenshot of Santa Clara Superior Court's online case docket (https://www.scscourt.org/online_services/case_info.shtml), showing Plaintiffs have failed to dismiss the State Court Case, and continue to show no intention to dismiss it. I further request a Judicial Notice on it.

4. EXHIBIT 2 attached herein is a Notice of Lis Pendens in the State Court case. . I further request a Judicial Notice on it.

5. EXHIBIT 3 attached herein is Welkin International's cross-complaint against Plaintiffs in the State Court Case (Case No. 21CV389961).

6. EXHIBIT 4 attached herein is a recent motion Welkin International filed against Plaintiffs in the State Court Case (Case number 21CV389961).

7. EXHIBIT 5 attached herein is Plaintiffs' deposition notice.

8. EXHIBIT 6 attached herein is Plaintiffs' subpoena notice to Welkin International.

9. EXHIBIT 7 attached herein is Plaintiffs' subpoena notice to FutureTech Capital.

10. EXHIBIT 8 attached herein is Welkin International's Statement of Information filed with the California Secretary of State. . I further request a Judicial Notice on it.

11. EXHIBIT 9 attached herein is FutureTech Capital's Statement of Information filed with the California Secretary of State. . I further request a Judicial Notice on it.

12. EXHIBIT 10 attached herein is a court-endorsed page of Plaintiffs' complaint of the State Court Case, showing Plaintiffs filed their State Court Case on 10/19/2021. I further request a Judicial Notice on it.

13. EXHIBIT 11 attached herein is a meet and confer letter regarding Plaintiffs' totally ignorance of Defendant Xie's discovery request.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT.

Dated: June 30, 2023

Respectfully submitted,

LEON E. JEW
DAHYEE LAW GROUP

1

2

# **EXHIBIT 1**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# Public Portal
Superior Court of California, County of Santa Clara

HOME    SEARCH    CALENDARS    TRAFFIC PAYMENT    REMOTE HEARINGS    LOGIN

# 21CV389961
Hailing Yu et al vs Caixing Xie

CASE INFO    PARTIES    EVENTS    HEARINGS    PRINTABLE

⚠ THIS IS A PRINTABLE PAGE ONLY. THE LINKS AND DOCUMENTS WILL NOT WORK.

# 21CV389961
Hailing Yu et al vs Caixing Xie

### Case Information

**Case Type:** Breach of Contract/Warranty Unlimited (06)
**Case Number:** 21CV389961
**Filing Date:** 10/19/2021
**Case Status:** Closed/Inactive
**Court Location:** Civil

PARTIES
EVENTS
HEARINGS

🖶 Print

Show  All ⌄ entries

Search:



Show  All  ˅ entries

Search:

| File Date | File Type | Filed By | Comment | Documents |
|---|---|---|---|---|
| 9/30/2022 | Clerk Rejection Letter | Hailing Yu, Palm Street Capital LLC, Jing Liao, | Env.#10036636; Request for Dismissal is missing second page. | 📄 |
| 9/30/2022 | Request: Dismissal | Hailing Yu, Palm Street Capital LLC, Jing Liao, | Request for Dismissal | 📄 |
| 9/22/2022 | Minute Order | | | 📄 |
| 7/12/2022 | Minute Order | | | 📄 |
| 3/15/2022 | Minute Order | | | 📄 |
| 2/7/2022 | Motion: Quash | Caixing Xie, | Service of Summons. Hearing 9-22-22 D7 | 📄 |
| 2/7/2022 | Declaration | Caixing Xie, | of Caixing Xie ISO MTQ. | 📄 |
| 2/7/2022 | Proof of Service: Electronic | Caixing Xie, | | 📄 |
| 1/6/2022 | Proof of Service: Summons DLR (Civil) | Hailing Yu, Palm Street Capital LLC, Jing Liao, Caixing Xie, | Proof of Service of Summons with Declarations in support of | 📄 |

# EXHIBIT 2

21CV389961
Santa Clara – Civil

S. Uy

Zheng "Andy" Liu (SBN 279327)
Jingyi Guo (SBN 335448)
*Aptum Law*
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiffs Palm Street*
*Capital LLC, Hailing Yu, and Jing Liao*

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/6/2022 4:30 PM
Reviewed By: S. Uy
Case #21CV389961
Envelope: 8002296**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO<br><br>Plaintiffs,<br><br>v.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 21CV389961<br><br>**NOTICE OF PENDENCY OF ACTION PURSUANT TO *CCP* § 405.20 (*LIS PENDENS*)** |

    NOTICE IS HEREBY GIVEN that an action has been commenced in the Superior Court

of California, County of Santa Clara, Case No. 21CV389961, concerning real property and

affecting the possession of and title to real property by Plaintiffs Palm Street Capital LLC,

Hailing Yu, and Jing Liao, against Defendant Caixing Xie.

    The real property, comprising the subject matter of this action are certain real property:

       1. Located within the County of Santa Clara, 18255 Clemson Ave, Saratoga, CA

          95070, **Assessor's Parcel Number 403-27-075**. The mentioned parcel of real

          property is located within the State of California and is legally described as

          follows:

              Tract 976 Sunland Park Book 57 Page 14 Page 15 Lot 88.

---

2. Located within the County of Santa Clara, Non-Situs, San Jose, CA 95127, **Assessor's Parcel Number 599-20-022**. The mentioned parcel of real property is located within the State of California and is legally described as follows:

    a.  Parcel One:
All of Lot 4, as shown upon that certain map entitled, "Tract No. 511, Country Club Terrace-Unit No.1", which map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on May 17, 1984 in Book 18 of Maps, at page 31.

    b.  Parcel Two:
A portion of Lot 3, Country Club Terrace, Unit No.1, a map of which subdivision is filed in Book 18 of Maps, page 31, Santa Clara County Records.

3. Located within the County of Santa Clara, 10234 Scenic Boulevard, Cupertino, CA 95014, **Assessor's Parcel Numbers 357-08-054, 357-08-053 & 357-08-052**. The mentioned parcel of real property is located within the State of California and is legally described as follows:

    a.  Parcel One:
A portion of Sections 10, 14A and 13 and all of Sections 13A, 14 and as shown on the map entitled "Map of Monta Vista Park" which map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California on April 11, 1917 in Book P of Maps at Page 19.

Excepting therefrom the following parcel described in the document entitled "Dedication of Real Property for Roadway Purposes" which was filed for record in the Office of the Recorder of the County of Santa Clara, State of California on November 9, 1967 as document number 3317896 of official records.

Also excepting therefrom the following described parcel: beginning at the southeasterly corner of Section 14 as shown on the map entitled "Map of Monta Vista Park" which map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California on April 11, 1917 in Book P of Maps at Page 19. Thence proceeding along the westerly line of Section 13 as shown on said map S 00° 07' 50" W 20.45 feet to the true point of beginning of this description; thence leaving said westerly line an proceeding S 51° 30'

2

20" E 48.03 feet to a point in the southerly line of said Section 13; thence proceeding along said southerly line N 89° 52' 10" W 37.66 feet to the southwesterly corner of said Section 13; thence along the westerly line of said Section 13 N 00° 07' 50" W 29.81 feet to the true point of beginning.

   b.  Parcel Two:
      A portion of Scenic Boulevard, as shown upon the map of "Monta Vista Park" as recorded in Book P of Maps, at Page 19, records of Santa Clara County.

   c.  Parcel Three:
      All that certain real property situated in the City of Cupertino, lying between the easterly boundary of Section 13 of maps entitled "Monta Vista Park" which map was recorded in Book P of Maps at Page 19, Santa Clara County records and the southwesterly line was recorded in Book 667 of Maps, at Pages 35-37, Santa Clara County Records.

Dated: November 5, 2021

Respectfully submitted,



By: _____

      Zheng Liu (SBN 279327)
      *Attorneys for Plaintiffs*
      *Palm Street Capital LLC,*
      *Hailing Yu, and Jing Liao*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          County of San Mateo)ss.
On 11/05/2021 before me, Pushpa K. Patel, Notary Public, personally appeared Zheng Liu who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.   WITNESS my hand and official seal.

*PhPatel*

PUSHPA K. PATEL
Notary Public - California
San Mateo County
Commission # 2346752
My Comm. Expires Feb 13, 2025

NOTICE OF PENDENCY OF ACTION PURSUANT TO *CCP* § 405.20 (LIS PENDENS)

# EXHIBIT 3

LEON E. JEW (SBN: 219298)
**DAYHEE LAW GROUP**
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218
dlg5776@gmail.com; leon.jew@dahyee.com

Attorney for Defendant
WELKIN INTERNATIONAL INDUSTRIAL, INC.

**THE SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

**UNLIMITED CIVIL**

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO<br><br>             Plaintiffs,<br>vs.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br>             Defendants. | Case No: 21CV389961<br><br>Cross-complainant WELKIN INTERNATIONAL INDUSTRIAL, INC.'s Cross-complaint<br><br>A.     BREACH OF CONTRACT<br>B.     ACCOUNTING<br>C.     UNJUST ENRICHMENT<br><br>Date action filed:  October 19, 2021<br>Trial Date:       Non-set<br><br>DEMAND FOR JURY TRIAL |
| WELKIN INTERNATIONAL INDUSTRY, INC<br>             Cross-complainants,<br><br>vs.<br><br><br>PALM STREET CAPITAL LLC, HAILING YU, JING LIAO, AND YUANYUAN LIU<br>             Cross-defendants. | |

1

*Cross-complaint*

## I.      INTRODUCTION

1.  Cross-plaintiff WELKIN INTERNATIONAL INDUSTRIAL, INC., a California corporation ("Welkin International") brings this action alleging Cross-defendants' breach of contract related to an investment agreement, as well as an accounting request regarding the financial transactions between the Parties.

## II.      JURSIDICITON AND VENUE

2.  This Court has subject jurisdiction over Cross-complainant's claims pursuant to California Code of Civil Procedure § 410.10.

3.  Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because at the time of the alleged incident, and a substantial part of the actions, events, and violation of duties complained herein occurred in this county.

## III.      FACTUAL BACKGROUND

<u>Breach of Contract</u>

4.  In or around May 2017, Welkin International, PALM STREET CAPITAL LLC, HAILING YU, and JING LIAO (collectively, "Cross-defendants") executed a written contract (the "Contract"), in which all cross-defendants agreed to provide $115,000, or 25% of the total cost, for Welkin International to purchase a lot in San Jose, then re-developed the lot into 5 residential units for Sell. (the "San Jose Project" or the "Project"). In exchange, Welkin International would distribute revenues to all Cross-defendants upon completion of the project.

5.  Welkin International has performed all the terms required by the Contract, including:

    a.   Purchased a lot located in San Jose.

     b.   Built residential units and sold them for profit. Partial units have been sold.

     c.   Managing the development of the San Jose Project.

     d.   The Project is located at 4100 Holly Dr., 4110 Holly Dr., and Non-Stius Dr., San Jose. California.

     e.   Although the Contract doesn't require, Welkin International still distributed partial revenue to the investors including Cross-plaintiffs.

6. Despite Welkin International has performed all the Contract required, each of the Cross-Defendants, however, breached the Contract by failing to provide, at least $150,000, to Welkin International.

7. Due to each of Cross-defendant's failure to provide sufficient fund, the San Jose Project is currently being delayed, which caused Welkin International to incur damages including but not limited to, loss of profit due to unable to complete the project on time, extra labor cost due to delay of the project, and interest and expenses incurred due to unable to pay back investors' funds of the Project.

<u>Accounting</u>

8. Upon information and belief, in or around late 2022, Welkin International discovered that the Financial Manager of Welkin International, Ms. Xiaoqin Wu, conspired with some investors which include Cross-defendants, embezzled over a million dollars from the San Jose Project. The embezzled funds included the Investors' investment funds and the San Jose Project's sales profit. For instance, despite Ms. Xiaoqin Wu was instructed to issue checks to the Investors as their investment return and the checks were withdrawn, these investors have never received the money.

9.  Disputes now have arisen between the Parties as to:

a.  How much money each Cross-defendant has provided and needed to provide to Welkin International for the Project? Each Cross-defendant alleged that one million dollars from each Cross-defendants have been provided, but Welkin International disputes this amount.

b.  How much revenue each Cross-defendants has received from Welkin International? Cross-defendants allege they have received a total of $800,000, but Welkin International disputes this amount.

## IV.    ALTER EGO ALLEGATION

10. Cross-complainant is informed and believes that, at all times relevant hereto, there exists, a unity of interest and ownership between Cross-defendants PALM STREET CAPITAL LLC and Yuanyuan Liu, such that any individuality and separateness between them have ceased, in that defendants PALM STREET CAPITAL LLC has been:

a.  An alter ego of Yuanyuan Liu;

b.  A mere shell and sham without adequate capital, assets, stock, or stockholders independent of Yuanyuan Liu;

c.  PALM STREET CAPITAL LLC has been so inadequately capitalized that compared with the business to be done by it and the risks of loss attendant hereto, its capitalization was illusory;

d.  A mere shell, instrumentality, and conduit through which Yuanyuan Liu exercises complete control and dominance of such business to such an extent that any individuality or separateness of PALM STREET CAPITAL

LLC and Yuanyuan Liu does not exist, and that all times herein mentioned did not exist.

e.  Controlled, dominated, and operated by Yuanyuan Liu, as his individual business and alter ego, in that the activities and business of the corporations were carried out without the holding of members, directors, and stockholders' meetings and/or with no records or minutes of any corporate proceedings maintained.

f.  Adherence to the fiction of this separate existence of PALM STREET CAPITAL LLC as an entity distinct from Yuanyuan Liu would permit abuse of the corporate privilege, would sanction a fraud, and would produce an inequitable result in that Yuanyuan Liu caused funds to be withdrawn from the funds of the corporation, distributing such funds to him personally without any consideration to the corporation, all for the purpose of avoiding and preventing creditors, such as Cross-complainant herein, from attaching and executing on the assets of the corporation.

11. While Welkin International lacks evidentiary support at the present time to support these allegations, they are informed and believe these alleged facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## V.  CAUSE OF ACTIONS

### a.  **Breach of Contract**
(Welkin International against all Cross-Defendants)

12. Cross-complainant incorporates by reference and realleges each and every allegation set forth herein.

13. Welkin International and all Cross-Defendants entered into an investment contract in or around May 2017.

14. Welkin International has performed all the terms required by the Contract, as stated above.

15. All Cross-defendants, however, failed to perform the contract by not providing enough capital to Welkin International, as stated above.

16. Welkin International has incurred damages directly and substantially caused by All Cross-complainants' breach of contract, which include but not limited to, loss of profit due to unable to complete the project on time, extra labor cost due to delay of the project, and interest and expenses incurred due to unable to pay back investors' funds of the Project.

   **b.  Accounting**
   (Welkin International against all Cross-Defendants)

17. Cross-complainant incorporates by reference and realleges each and every allegation set forth herein.

18. Cross-complainant requests that this Court orders Cross-defendants to provide comprehensive accounting records of the transactions for the San Jose Projects, including specific investment funds provided and revenue received from Welkin International.

19. Cross-defendants have had, at all-time relevant herein, duties to Cross-complainant to account for, the capital they provided to, and the profit they received from Welkin International.

20. Because disputes have arisen as to how much money Cross-defendants have provided and need to provide Welkin International, and how much revenue Cross-

Defendants have received from Welkin International. Welkin International is only able to ascertain and demand damage in a fixed accurate amount with the requested accounting.

**c.   Unjust Enrichment**
(Welkin International against all Cross-Defendants)

21. Cross-complainant incorporates by reference and realleges each and every allegation set forth herein.

22. Disputes now have arisen between the Parties as to how much revenue each Cross-defendants has received from Welkin International?

23. Cross-complainant alleges that each Cross-defendants has received revenue that they are not entitled to, at the expense of Cross-complainant.

24. Cross-complainant was damaged directly and substantially caused by each Cross-defendants' unjust enrichment.

**VI.   PRAYER FOR RELIEF**

a.   Award compensatory damage according to the proof at trial.

b.   Award pre-and post-judgment interest.

c.   An order of accounting.

d.   Other reliefs the Court deems just and proper.

Dated: June 30, 2023

Respectfully submitted,

LEON E. JEW
ATTORNEY FOR CROSS-
COMPLAINANT
WELKIN INTERNATIONAL INDUSTRY,
INC

1

2

**EXHIBIT 4**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEON E. JEW (SBN: 219298)
DAYHEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218
dlg5776@gmail.com; leon.jew@dahyee.com

Attorney for Defendant
WELKIN INTERNATIONAL INDUSTRIAL, INC.

**THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**UNLIMITED CIVIL**

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO<br><br>            Plaintiffs,<br><br>vs.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br>            Defendants.<br>_____<br><br>WELKIN INTERNATIONAL INDUSTRY, INC<br><br>            Cross-complainants,<br>vs.<br><br>PALM STREET CAPITAL LLC, HAILING YU, JING LIAO, AND YUANYUAN LIU<br>            Cross-defendants.<br>_____ | Case No: 21CV389961<br><br>Cross-complainant WELKIN INTERNATIONAL INDUSTRIAL, INC.'s Notice of Motion and Motion for Leave of Court to File a Cross-Complaint, and Memorandum of Points and Authorities<br><br>Date action filed:  October 19, 2021<br>Trial Date:        Non-set<br><br>DEMAND FOR JURY TRIAL |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

*Motion for Leave of Court to file a Cross-complaint*

PLEASE TAKE NOTICE THAT on the time and location shown above, Cross-complainant will hereby move for leave of this Court to file a Cross-complaint.

This motion is made based on this notice of motion and motion, the MEMORANDUM OF POINTS AND AUTHORITIES, and other written or oral arguments as may be presented at or before the time this motion is taken under submission by the Court

Dated: June 30, 2023

Respectfully submitted,

LEON E. JEW
ATTORNEY FOR CROSS-COMPLAINANT
WELKIN INTERNATIONAL
INDUSTRY, INC

## I.      INTRODUCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

Zheng "Andy" Liu (SBN 279327)
Jingyi Guo (SBN 335448)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiffs Palm Street*
*Capital LLC, Hailing Yu, and Jing Liao*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO<br><br>                              Plaintiffs,<br><br>        v.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br><br>                              Defendants. | Case No.: 5:22-cv-01932-NC<br><br>**NOTICE OF TAKING DEPOSITION OF DEFENDANT CAIXING XIE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(B)(6)** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Palm Street Capital LLC, Hailing Yu, and Jing Liao will take the deposition of Defendant Caixing Xie, regarding the subject matters set forth herein on June 19, 2023 at 9:30 a.m. at Veritext San Francisco office, 101 Montgomery Street, Suite 450, San Francisco, CA 94104, before a Notary Public duly commissioned by the State of California. Said deposition will be taken pursuant to the provisions of Federal Rules of Civil Procedure 30, et seq., and will continue from day to day, excluding Sunday and holidays, until completed, and the deposition

may also be videotaped for possible use at trial, pursuant to the provisions of the Federal Rules of Civil Procedure.

The deposition will concern the following matters:

1.  Whether Defendant Xie personally signed the contracts attached to the First Amended Complaint;

2.  In what capacity, e.g., in his personal capacity or as a representative of Welkin International Industrial, Inc., Defendant Xie signed the contracts attached to the First Amended Complaint;

3.  Whether Welkin International Industrial, Inc., Inc.is an alter ego of Defendant Xie; and

4.  All facts upon which Defendant Xie intends to rely to deny Plaintiffs' allegations stated in the First Amended Complaint.

Dated: June 1, 2023

By:_____/s/ Zheng "Andy" Liu_____
Zheng "Andy" Liu (SBN 279327)
*Attorney for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT 6**

**BANK OF AMERICA** 
DE5-024-02-08
PO Box 15047
Wilmington, DE 19850-5047

| | Case Update |
|---|---|

LO  0620        622 525        19895 #@01 AB 0.507
WELKIN INTERNATIONAL INDUSTRIAL, INC.
6136 BOLLINGER RD
SAN JOSE CA 95129-3068

**Reference number**
D060223000250
**Case name**
CAIXING XIE
**Case number**
5:22-cv-01932-NC
**Client name**

**Date**
June 14, 2023

## We received a Subpoena for your bank records and are required to respond.

If you don't want us to respond to the Subpoena, you should contact an attorney as soon as possible. We'll mail the documents on June 21, 2023, unless we receive a court order directing us not to respond.

If you have any questions or concerns about the Subpoena, you'll need to contact the party that issued the request. Here's their contact information:

APTUM LAW
ZHENG LIU
750 ALMA LANE #8244
FOSTER CITY, CA 94404

Please fax any additional correspondence to us at 980.233.7070.

### We're here to help

If you have any additional questions, you can reach us at 800.432.1000, Monday through Friday, 7 a.m. to 10 p.m. or Saturday, 8 a.m. to 5 p.m. local time. To speak with a Spanish-speaking associate, please call us at 800.688.6086. For hearing impaired assistance, TTY or TDD, please call us at 800.288.4408. Be sure to have the reference number D060223000250 ready when you call.

*Thank you for being our client.*

*Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.*
*Bank of America, N.A. Member FDIC.*

NOTDEPINF D06022300

# EXHIBIT 7

**BANK OF AMERICA** 
DE5-024-02-08
PO Box 15047
Wilmington, DE 19850-5047

Case Update

ļ¹lıı¹¹lļı¹lıılı¹ı¹llıı¹ıı¹lıl¹ı¹lııllılılıl¹lı
LO 0620      622 525      19894 #@01 AB 0.507
FUTURETECH CAPITAL LLC
6136 BOLLINGER RD
SAN JOSE CA 95129-3068

**Reference number**
D060223000250
**Case name**
CAIXING XIE
**Case number**
5:22-cv-01932-NC
**Client name**
**Date**
June 14, 2023

# We received a Subpoena for your bank records and are required to respond.

If you don't want us to respond to the Subpoena, you should contact an attorney as soon as possible. We'll mail the documents on June 21, 2023, unless we receive a court order directing us not to respond.

If you have any questions or concerns about the Subpoena, you'll need to contact the party that issued the request. Here's their contact information:

APTUM LAW
ZHENG LIU
750 ALMA LANE #8244
FOSTER CITY, CA 94404

Please fax any additional correspondence to us at 980.233.7070.

## We're here to help

If you have any additional questions, you can reach us at 800.432.1000, Monday through Friday, 7 a.m. to 10 p.m. or Saturday, 8 a.m. to 5 p.m. local time. To speak with a Spanish-speaking associate, please call us at 800.688.6086. For hearing impaired assistance, TTY or TDD, please call us at 800.288.4408. Be sure to have the reference number D060223000250 ready when you call.

*Thank you for being our client.*

of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
of America, N.A. Member FDIC.

NOTDEPINF D06022

**EXHIBIT 8**



**California Secretary of State**
Electronic Filing

# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | WELKIN INTERNATIONAL INDUSTRIAL, INC. |
| Entity (File) Number: | C1741347 |
| File Date: | 03/28/2022 |
| Entity Type: | Corporation |
| Jurisdiction: | CALIFORNIA |
| Document ID: | H368088 |

**Detailed Filing Information**

1. Entity Name:

   WELKIN INTERNATIONAL INDUSTRIAL, INC.

2. Business Addresses:

   a. Street Address of Principal Office in California:

   6136 Bollinger RD
   San Jose, California 95129
   United States of America

   b. Mailing Address:

   6136 Bollinger RD
   San Jose, California 95129
   United States of America

   c. Street Address of Principal Executive Office:

   6136 Bollinger RD
   San Jose, California 95129
   United States of America

3. Officers:

   a. Chief Executive Officer:

   Caixing Xie
   18255 Clemson Ave
   Saratoga, California 95070
   United States of America

   b. Secretary:

   Caixing Xie
   18255 Clemson Ave
   Saratoga, California 95070
   United States of America

Document ID: H368088

# California Secretary of State
## Electronic Filing

Officers (cont'd):

c.  Chief Financial Officer:

Caixing  Xie
18255 Clemson Ave
Saratoga, California 95070
United States of America

4.  Director:

Caixing  Xie
18255 Clemson Ave
 Saratoga, California 95070
United States of America

Number of Vacancies on the Board of
Directors:

0

5.  Agent for Service of Process:

Caixing  Xie
18255 Clemson Ave
Saratoga, California 95070
United States of America

6.  Type of Business:

**Contractor Service**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:    Caixing Xie

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: H368088

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 9**

BA20221301243



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20221301243 |
| Date Filed: 12/22/2022 |

| Entity Details | |
| --- | --- |
| Corporation Name | FUTURETECH CAPITAL |
| Entity No. | 4127547 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| Principal Address | 6136 BOLLINGER RD<br>SAN JOSE, CA 95129 |
| --- | --- |

Mailing Address of Corporation

| Mailing Address | 6136 BOLLINGER RD<br>SAN JOSE, CA 95129 |
| --- | --- |
| Attention | |

Street Address of California Office of Corporation

| Street Address of California Office | 6136 BOLLINGER RD<br>SAN JOSE, CA 95129 |
| --- | --- |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| DANIEL DUYU HUA | 14653 BIG BASIN WAY<br>SARATOGA, CA 95070 | Chief Executive Officer |
| ■ CAIXING XIE | 18255 CLEMSON AVE<br>SARATOGA, CA 95070 | Secretary |
| ■ CAIXING XIE | 18255 CLEMSON AVE<br>SARATOGA, CA 95070 | Chief Financial Officer |

Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| ■ CAIXING XIE | 18255 CLEMSON AVE<br>SARATOGA, CA 95070 |
| ■ DANIEL DUYU HUA | 14653 BIG BASIN WAY<br>SARATOGA, CA 95070 |

The number of vacancies on Board of Directors is: 0

Agent for Service of Process

| Agent Name | CAIXING XIE |
| --- | --- |
| Agent Address | 18255 CLEMSON AVE<br>SARATOGA, CA 95070 |

Type of Business

| Type of Business | Research and Development |
| --- | --- |

Email Notifications

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

_CAIXING XIE_

Signature

_12/22/2022_

Date

B1343-7588 12/22/2022 5:06 PM Received by California Secretary of State

1

2

# EXHIBIT 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-FILED
10/19/2021 8:00 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV389961
Reviewed By: V. Taylor

Zheng "Andy" Liu (SBN 279327)
Lauren Quan (SBN 331586)
Jingyi Guo (SBN 335448)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Facsimile: 510.987.8411
Email: Andy.liu@aptumlaw.us
*Attorneys for Plaintiffs Palm Street*
*Capital LLC, Hailing Yu, and Jing Liao*

THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED CIVIL

|  |  |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO<br><br>Plaintiff,<br><br>v.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 21CV389961<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

Plaintiffs Palm Street Capital LLC, Hailing Yu, and Jing Liao allege as follows

upon personal knowledge as to Plaintiffs' own conducts and experience, and on

information and belief as to all other matters based on an investigation by counsel:

/// 

/// 

/// 

Doc ID: f85dafca7c5946ff05829715e62d20d4dcb51302

## INTRODUCTION AND NATURE OF THE ACTION

1.      This is a breach of contract case.

2.      Defendant Caixing Xie ("Xie") accepted $3 million investments from Plaintiffs but refused to return the principal and the interest as required by the contracts. Instead, Defendant Xie dragged his feet and moved back to China when confront by Plaintiffs. Through this lawsuit, Plaintiffs seek to recover the amount Defendant Xie owes to them.

## THE PARTIES

3.      Plaintiff Palm Street Capital LLC is an investment firm specializes in real estate investments in the Silicon Valley area. At all relevant times, Plaintiff Palm Street Capital was managed by Ms. Yuanyuan Liu and headquartered in San Jose, California.

4.      Plaintiff Hailing Yu is a marketing and investment professional residing in San Jose California. Plaintiff Yu earned high recognition through her leadership in Silicon Valley Council (a top marketing organization having thousands of members in the Silicon Valley area and across the country). At all relevant times, Plaintiff Yu resides in San Jose, California.

5.      Plaintiff Jing Liao is a business executive who resides in Cupertino California.

6.      At all relevant times, Plaintiffs are ignorant of the true names and capacities of the defendants named herein as Does 1 through 20, inclusive, and therefore names these defendants by such fictitious names. Plaintiffs will amend or will seek leave to amend this Complaint to allege the true names and capacities of said defendants when they are ascertained. Bach of the fictitiously named defendants is responsible in some manner for the matters alleged herein.

VERIFIED COMPLAINT FOR DAMAGENS AND EQUITABLE RELIEF
Doc ID: f85dafca7c5946ff05829715e62d20d4dcb51302

**JURISDICTION AND VENUE**

7.     Venue is proper in Santa Clara County Superior Court under California Code of Civil Procedure §§ 395 and 395.5 as the place where the liabilities and obligations herein arose as to all defendants (e.g., where the contracts were formed, breached, or both) and where Defendant Xie resided.

**FACTUAL ALLEGATIONS**

*A.  The parties entered into a written investment agreement*

8.     In or about March 2017, Defendant Xie, who was holding himself as the "Silicon Valley developer" approached Plaintiffs about a lot in San Jose (the "San Jose Lot").  Defendant Xie solicited $1 million investment from each of the Plaintiffs for supposedly developing the San Jose Lot into five residential units. Defendant Xie represented to Plaintiffs that it would be a good investment given the San Francisco Bay Area's competitive housing market and given his in-depth experience in real estate development.

9.     On these promises, on or about May 2, 2017, each Plaintiff invested $1 million into this project. In exchange, Defendant Xie promised to develop the San Jose Lot into a five-unit lot. Each Plaintiff entered into an identical investment agreement with Defendant Xie, investing $1 million per person in exchange for a guaranteed annual return of $100,000. The contracts Plaintiffs entered into with Defendant Xie in March 2017 are collectively referred to as the "First Contracts," true and correct copies of which and an English translation thereof are attached to this Complaint as **Exhibit A**. The contract Defendant Xie entered into with Plaintiff Liao is identical to those Defendant Xie entered into with Plaintiffs Palm Street Capital and Yu.

///

### B. Defendant Xie refused to pay Plaintiffs back per the First Contracts

10.     Pursuant to the First Contracts, Defendant Xie purchased the San Jose Lot for $1.6 million and did some construction on it. Overall, however, Defendant Xie was slow to the promise and Plaintiffs became concerned.

11.     To address this concern, Plaintiffs met with Defendant Xie in-person numerous times during 2018 and 2019, demanding that Defendant Xie transfer the title of the San Jose Lot to a Limited Liability Company equally owned and control by all four parties (the three plaintiffs and defendant Xie).

12.     Each time, Defendant Xie promised that he would form an LLC and have the title of the San Jose Lot transferred to the LLC. But each time, Defendant Xie failed to follow through.

13.     Two years later, by October 2019, Defendant Xie had constructed only three units (rather than four or five as originally agreed to) on the San Jose Lot and immediately sold all three units.  Defendant Xie, however, kept all sales proceeds to himself without distributing a dime to any of the Plaintiffs.

14.     On October 15, 2019, Plaintiffs and Defendant Xie met in-person to discuss Defendant Xie's payment progress. To ease Plaintiffs' concern that he has reached the First Contracts, Defendant Xie orally agreed that sales proceeds of each unit would be distributed to Plaintiffs as soon as a unit was sold.

15.     On December 14, 2019, Defendant Xie presented, to each Plaintiff, three checks totaling 1.3 million: the first check was for $400,000; the second check was for $500,000; and the third check was for $400,000.

16.     Defendant Xie, however, at the same time of presenting these checks,

required Plaintiff not to deposit them until "a few days later" due to a cash flow issue. The "a few days later" never came.

17.     Five days later, on December 19, 2019, Plaintiffs and Defendant Xie held a phone conference. During this call, Defendant Xie represented that he would solve the cashflow problem as soon as possible so that Plaintiffs can deposit the checks they received from Defendant Xie earlier. The cash flow problem was never solved.

18.     On January 26, 2020, Plaintiffs and Defendant Xie met in-person again to discuss why Defendant Xie still had not deposited cash into his bank account so that Plaintiff can cash their checks. Defendant Xie stated that he was not delaying the repayment process and that in fact he was working on a loan application relating to a lot in Cupertino (the "Cupertino Lot"), the approval of which would produce sufficient cash for repayment to Plaintiffs. Defendant Xie further assured Plaintiffs that he had sufficient cash in his China bank account as collateral.

19.     On January 27, 2020, Defendant Xie produce some of his loan paperwork to assure Plaintiffs that the loan application was underway.

20.     On February 7, 2020, Plaintiffs and Defendant Xie met in-person yet again. Defendant Xie stated that the approval of his loan was "impending"; and that he used not only the Cupertino Lot, but also his own home in Cupertino ("Xie's Home") as collateral so that the loan disbursement would suffice to repay all Plaintiffs.  In other words, Defendant Xie agreed that he would cause the titles of Cupertino Lot, San Jose Lot, and Defendant Xie's Home to be transfer to Plaintiffs in Defendant Xie fails to make full repayments to Plaintiffs under First Contracts and Second Contract.

21.     For the purpose of using Cupertino Lot, San Jose Lot, and Defendant Xie's Home as collateral, Defendant Xie obtained an appraisal report of the Cupertino Lot. A true

and correct copy of this appraisal report is attached to this Complaint as **Exhibit E**.

22.     The legal description of the Cupertino Lot is: 10234 Scenic Boulevard, Cupertino, in the County of Santa Clara, California, with the following three lots:

    a.   APN: 357-08-052: 10025 square feet;

    b.   APN: 357-08-053: 22415 square feet; and

    c.   APN: 357-08-054: 13007 square feet.

23.     The legal description of Xie's Home is: 18255 Clemson Ave, Saratoga, CA 95070 (APN: 403-27-075).

24.     Also on February 7, 2020, Plaintiffs and Defendant Xie entered in to a second written contract (the "Second Contract"), which requires Defendant Xie to repay each Plaintiff the $1 million principal and 30% return, totaling $1.3 million in exchange for Plaintiffs to refrain from suing Defendant Xie at that time. A true and correct copy of the second contract is attached to this Complaint as **Exhibit B**.

25.     On February 23, 2020, Plaintiffs and Defendant Xie met in-person to discuss repayments to Plaintiffs. To assure Plaintiffs that the repayments were underway and that he had the ability to repay, Defendant Xie showed Plaintiffs a screenshot of his China bank account having a balance of 30 million Chinese Yuan (equivalent to approximately $5 million in U.S. dollars). A true and correct copy of the screenshot Defendant Xie showed Plaintiffs of his China bank account is attached to this Complaint as **Exhibit C**.

26.     On February 26, 2020, Defendant Xie told Plaintiffs that the loan paperwork had been approved and that cash would be deposited into Plaintiffs' designated accounts as soon as in a few days, that a second loan in the amount of $1 million would also be approved in about one week and Plaintiffs would be paid more cash by that loan.

27.    On March 2, 2021, Plaintiffs received a total payment of $800,000—the only time Defendant Xie ever paid.

28.    On March 3, 2021, Plaintiffs followed up with Defendant Xie about proceeds from his second loan, which Defendant Xie had represented that would be distributed to Plaintiff by that time.

29.    Two weeks later, on March 17, 2021, Defendant Xie replied that the second loan was still be reviewed.

30.    From that point on, Defendant Xie refused and continues to refuse making any repayments to Plaintiffs. True and correct copies of the screenshots showing Plaintiffs sent their $3million investments to Defendant Xie, and despite Plaintiffs repeated demand, Defendant Xie's refusal to make any repayment is attached to this Complaint as **Exhibit E**.

## FIRST CAUSE OF ACTION

*(Breach of Written Contract Against All Defendants by Plaintiff Palm Street Capital – the First Contracts)*

31.    Plaintiff Palm Street Capital hereby re-alleges and incorporates by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

32.    Defendant Xie and Plaintiff entered into a written contract, i.e., the First Contracts.

33.    Plaintiff Palm Street Capital did all, or substantially all, of the significant things that the First Contracts required it to do.

34.    Defendant Xie breached the First Contracts by not repaying Plaintiff Palm Street Capital its $1 million principle and the agreed-to interest.

35.    As a direct and proximate result of Defendant Xie's breach, Plaintiff Palm Street Capital have suffered great financial losses.

**SECOND CAUSE OF ACTION**

*(Breach of Written Contract Against All Defendants by Plaintiff Hailing Yu – the First Contracts)*

36.     Plaintiff Hailing Yu hereby re-alleges and incorporates by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

37.     Defendant Xie and Plaintiff Hailing Yu entered into a written contract, i.e., the First Contracts.

38.     Plaintiff Hailing Yu did all, or substantially all, of the significant things that the First Contracts required her to do.

39.     Defendant Xie breached the First Contracts by not repaying Plaintiff Hailing Yu her $1 million principle and the agreed-to interest.

40.     As a direct and proximate result of Defendant Xie's breach, Plaintiff Hailing Yu has suffered great financial losses.

**THIRD CAUSE OF ACTION**

*(Breach of Written Contract Against All Defendants by Plaintiff Jing Liao– the First Contracts)*

41.     Plaintiff Jing Liao hereby re-alleges and incorporates by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

42.     Defendant Xie and Plaintiff Jing Liao entered into a written contract, i.e., the First Contracts.

43.     Plaintiff Jing Liao did all, or substantially all, of the significant things that the First Contracts required her to do.

44.     Defendant Xie breached the First Contracts by not repaying Plaintiff Jing

Doc ID: f85dafca7c5946ff05829715e62d20d4dcb51302

Liao her $1 million principle and the agreed-to interest.

45.     As a direct and proximate result of Defendant Xie's breach, Plaintiff Jing Liao has suffered great financial losses.

## FOURTH CAUSE OF ACTION

*(Breach of Written Contract Against All Defendants by Plaintiffs – the Second Contract)*

46.     Plaintiffs hereby re-allege and incorporate by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

47.     Defendant Xie and Plaintiffs entered into a written contract, i.e., the Second Contract.

48.     Plaintiffs did all, or substantially all, of the significant things that the Second Contract required them to do.

49.     Defendant Xie breached the Second Contract by not repaying Plaintiffs their $3 million principle and the agreed-to $90,000 return.

50.     As a direct and proximate result of Defendant Xie's breach, Plaintiffs have suffered great financial losses.

## FIFTH CAUSE OF ACTION

*(Violation of Bus. and Prof. Code § 17200 Against All Defendant)*

51.     Plaintiffs hereby re-allege and incorporate by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

52.     California's Unfair Competition Law (UCL) defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice.

53.     Defendants violated California Business & Professions Code § 17200, et seq. by virtue of their conduct described in this Complaint.

54.     Beginning at or about October 2019, Defendants have committed acts of

fraudulent business acts or practices, as defined by Business & Professions Code § 17200, by engaging in the following practices: repeatedly making such representations that Defendants knew were untrue: Defendants had taken out two loans; Defendants had taken out one or more loans against the Cupertino Lot and Xie's Home; the one or more loans would be approved shortly; Plaintiffs would be repaid as soon as the loans were approved; Defendants had enough cash to repay Plaintiff; Defendants would like to repay Plaintiffs; Defendants had a cash flow issue; and Defendants would construct three to four units on the San Jose Lot.

55.     Each Defendant knew or had reason to know of these facts, and as such are jointly and severally liable.

56.     The harm to Plaintiffs and to members of the general public outweighs the utility of Defendants' policy/practice, and Defendants' conduct as described in this Complaint constitutes an unfair business act or practice within the meaning of Business & Professions Code § 17200.

57.     Under § 17200, the Court should order disgorgement from Defendants of any profit received form these unfair business acts or practices, and those profits should be restored to Plaintiffs. The Court should also order additional injunctive relief to prevent defendants from engaging in such predatory conduct in the future, as well as any other relief the Court deems appropriate.

### SIXTH CAUSE OF ACTION

*(Specific Performance Against All Defendant)*

58.     Plaintiffs hereby re-allege and incorporate by reference the allegations stated in all preceding paragraphs as though fully set forth herein.

59.     California Civil Code §3384. *et seq.* allows a claim and remedy of specific

performance. Plaintiff alleges that there is an inadequacy of his legal remedy because, among other reasons, the San Jose Lot, the Cupertino Lot, and Defendant Xie's Home are residential real properties and Plaintiffs intended to occupy or develop the San Jose Lot, the Cupertino Lot, and Defendant Xie's Home.

60.    First Contracts and Second Contract were mutually accepted and supported by adequate consideration as Plaintiffs are and, at all relevant times, were ready, willing, and able, to financially complete the development of the San Jose Lot and receive the Cupertino Lot and Defendant Xie's Home in exchange for relieving Defendant Xie from some of his obligations under First Contracts and Second Contract, but for Defendants' refusal to do so.

61.    That the underlying executed First Contracts and Second Contract have an existence of a mutuality of remedies to both Plaintiffs and Defendants; and that the contractual terms are sufficiently definite to enable the Court to know what it is to enforce. Plaintiffs remain fully ready, willing, and able to perform and complete the development of the San Jose Lot and receive the Cupertino Lot and Defendant Xie's Home in exchange for relieving Defendant Xie from some of his obligations under First Contracts and Second Contract.

62.    Plaintiff alleges that the requested performance is substantially similar, if not identical, to the performance required of Plaintiffs under First Contracts and Second Contract.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, joint and severally, as set forth more particularly below:

1)  For actual and compensatory damages in an amount to be proven at trial;

2)  For an accounting, restitution and disgorgement by Defendants of all ill-gotten gains, profits, and benefits, and imposition of a constructive trust regarding such monies;

3)  For damages against each Defendant according to proof a trial;

4)  For punitive and exemplary damages on such claims and in such amounts permitted by law;

5)  For costs of suit herein;

6)  For pre- and post-judgment interest on any amounts awarded;

7)  For an Order/Judgment in favor of Plaintiffs as against Defendants to specifically perform and complete development of the San Jose Lot and liquidate the Cupertino Lot and Defendant Xie's home to compensate Plaintiffs; and

8)  For such other and further relief and the court deems just and proper.


Dated:  October 19, 2021                    Respectfully submitted,


By  _____
Zheng "Andy" Liu (SBN 279327)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Facsimile: 510.987.8411
Email: Andy.liu@aptumlaw.us
*Attorneys for Plaintiffs*

VERIFIED COMPLAINT FOR DAMAGENS AND EQUITABLE RELIEF
Doc ID: f85dafca7c5946ff05829715e62d20d4dcb51302

**VERIFICATION**

I, Hailing Yu, am a plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of October 2021, in San Jose, California.

10 / 19 / 2021

_____

Hailing Yu

---

13
**VERIFIED COMPLAINT FOR DAMAGENS AND EQUITABLE RELIEF**

Doc ID: f85dafca7c5946ff05829715e62d20d4dcb51302

# EXHIBIT 11

LEON E. JEW (SBN: 219298)
DAYHEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218

Attorney for Defendant
Caixing Xie

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL LLC, HAILING YU, JING LIAO;<br><br>         Plaintiffs,<br><br>vs.<br><br>CAIXING XIE, and DOES 1 through 20, inclusive,<br>         Defendants. | Case No: 5:22-cv-01932-NC<br><br>**MEET AND CONFER REGARDING DISCOVERY RESPONSE** |

To Plaintiffs and their Counsels of Records,

      Please accept this letter as our good faith meet and confer effort before the filing of motion to compels.

      We served all Plaintiffs' special interrogatories, request for admissions, and request for productions on May 05, 2023. However, we have not received any response as of the time of this letter.

      We will start drafting our motion to compel and request attorney's fees on 06/21/2023

Dated: June 16, 2023

Respectfully submitted,

Leon E. Jew
Attorney for Defendant
Caixing Xie

LEON E. JEW (SBN: 219298)
DAYHEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (408)359-5915
Fax: (925) 463-3218
dlg5776@gmail.com; leon.jew@dahyee.com

Attorney for Defendant
Caixing Xie

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| PALM STREET CAPITAL, LLC, HAILING YU, JING LIAO; <br><br> Plaintiffs, <br><br> vs. <br><br> CAIXING XIE, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No: 5:22-cv-01932-NC <br><br> **PROOF OF SERVICE OF:** <br><br> 1. **Meet and confer letter before filing of motion to compel** |

## DECLARATION OF DIANE TSAI

I, DIANE TSAI, declare follows,

1. My name is DIANE TSAI I am a resident of Alameda County.

2. At the time of service, I was over 18 years of age and not a party to this action.

3. I am employed in the County of Alameda, State of California. My business address is 5776 Stoneridge Mall Rd., Ste 288, Pleasanton, CA 94588.

4. On the date listed below, I served a true and correct copy of the above-entitled documents to Plaintiffs PALM STREET CAPITAL, LLC, HAILING YU, and JING LIAO's counsels at:

Zheng "Andy" Liu
Aptum Law

*PROOF OF SERIVCE*

1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289

BY **USPS FIRST CLASS MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the person at the address above. I deposited such envelope with the Service with the shipping fee fully prepaid at Pleasanton, California. I am readily familiar with the business for collection and processing of correspondence as deposited with the service on the date listed below in the ordinary course of business.

**BY EMAIL AT:** bjliuzheng@gmail.com; andy.liu@aptumlaw.us

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 16, 2023

DIANE TSAI