UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM STREET CAPITAL LLC, and others,<br><br>                Plaintiffs,<br><br>        v.<br><br>CAIXING XIE,<br><br>                Defendant. | Case No. 22-cv-1932 NC<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFFS AND THEIR COUNSEL CONCERNING FAILURE TO DISCLOSE BANKRUPTCY CASE** |

Plaintiffs' counsel filed on December 7, 2023, a Joint Case Management Conference Statement. Dkt. No. 87. In the Statement, Plaintiffs stated that "Plaintiff is ready to proceed with the jury trial as currently set." Statement at p. 1. In a section titled "Related Cases" Plaintiffs made no mention of a bankruptcy case. Statement at p. 5. And in the final section titled "Scheduling" Plaintiffs stated they will object to any "last-minute trial continuance" attempt made by Defendant to prolong the proceedings in this case. Statement at p. 6.

The Court relied on the Statement in referring the case for a Settlement Conference with Magistrate Judge Kim. Dkt. No. 88. Judge Kim set the settlement conference for January 3, 2024. Dkt. No. 90. The Court also began preparing for the January 29 trial. Dkt. No. 88.

Yet at the time of Plaintiffs' Statement, it appears that Plaintiffs and Plaintiffs' counsel Zheng Liu were aware that they had filed on November 2, 2023, an involuntary

bankruptcy petition against defendant Caixing Xie. *See* Dkt. No. 91 (Notice of Bankruptcy, attaching Petition). In accordance with 11 U.S.C. § 362, this case was automatically stayed as a result of the bankruptcy case petition filed against defendant Xie.

The U.S. Bankruptcy Code protects parties in the bankruptcy court from continuing litigation in a non-bankruptcy forum. Title 11 U.S.C. § 362 provides: "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). And a party that continues litigating in another forum risks sanctions. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) ("A party violating the automatic stay, through continuing [litigation] in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations.").

Furthermore, Northern District of California Civil Local Rule 11-4(a)(4) requires attorneys practicing in this Court to "Practice with the honesty, care, and decorum required for the fair and efficient administration of justice." Attorneys who engage in unprofessional conduct may be referred for disciplinary proceedings. Local Rule 11-6.

Plaintiffs' counsel at the April 3 CMC must be prepared to explain why counsel did not disclose the bankruptcy proceeding in the December 7 CMC Statement or at any other time between November 2, 2023 (filing) and December 28, 2023 (when Defendant filed Notice of the Bankruptcy). Was this a willful violation of the bankruptcy stay? Did it unreasonably and vexatiously multiply the proceedings under 28 U.S.C. § 1927? The Court will consider whether this is unprofessional conduct that should be referred for disciplinary proceedings and/or sanctioned under 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

Dated: April 2, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge