UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM STREET CAPITAL LLC, et al.,<br>          Plaintiffs,<br>     v.<br>CAIXING XIE,<br>          Defendant. | Case No. 22-cv-01932-NC<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION** |

Minutes before starting jury selection for trial in this matter, counsel for defendant Caixing Xie suggested he would move for dismissal for lack of subject matter jurisdiction. Xie's counsel suggested Xie was a citizen of California for the purposes of diversity jurisdiction, which would destroy diversity in this matter. Later, Xie's counsel indicated he had reviewed the relevant law and decided against bringing the motion.

Still, the Court is concerned because "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). And the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Concerned by Xie's counsel's suggestion, the Court orders further briefing. Because plaintiffs have the burden of proof on diversity of citizenship, *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986), the Court orders as follow:

**Plaintiffs must establish complete diversity at the time of filing.** Diversity jurisdiction must "exist[] at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). "[S]ubsequent changes in the citizenship of an existing party do not affect the determination of jurisdiction." *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992). Plaintiffs filed their initial complaint on March

26, 2022. ECF 1. Therefore, Plaintiffs must provide evidence of complete diversity at that time. *See id*. Plaintiffs should present evidence of the various objective factors courts consider when determining domiciliary intent, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Because the issue here is whether Xie is a citizen of California or China, Plaintiffs should address whether he is a permanent resident of the United Stated and domiciled in California. *See* 28 U.S.C.§ 1332(a)(2). Such a finding would defeat diversity. *See id.* (precluding diversity "between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State").

**Plaintiffs must include the citizenship of Palm Street Capital LLC's members.** Palm Street Capital is an LLC. For the purposes of diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, for complete diversity to exist, all member of Palm Steet Capital LLC must be diverse from Xie. *See id*. Thus, Plaintiffs must provide proof of the citizenship of the members of Palm Street Capital LLC.

Plaintiffs must respond to this order in writing by Wednesday, June 19, 2024, at 5:00 p.m. Xie must reply by Saturday, June 22, 2024, at 12:00 p.m. Late submissions may result in sanctions. An evidentiary hearing will be scheduled if one is needed.

**IT IS SO ORDERED.**

Dated: June 17, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge